FRANCISCA LUZGARDA GONZÁLEZ SUÁREZ, demandante y recurrente, *v.* MARCOS Á. RODRÍGUEZ ESTRADA, PRESIDENTE de la COMISIÓN ESTATAL DE ELECCIONES DE PUERTO RICO, ETC., demandados y recurridos.

Número: CE-89-729     Resuelto: 13 de noviembre de 1989

*Francisco Quiñones Vizcarrondo,* abogado de la recurrente.

## RESOLUCIÓN

A la moción de reconsideración y a la solicitud para que se devuelva y se retenga el mandato, no ha lugar.

Lo acordó el Tribunal y certifica el señor Secretario General. El Juez Asociado Señor Negrón García reconsideraría. Reitera los fundamentos expuestos en su opinión disidente preliminar del pasado 10 de noviembre y suscribe, además, los deducidos hoy por el Juez Asociado Señor Ortiz en los Acápites II, III y IV de su disenso. El Juez Asociado

Señor Ortiz emitió opinión disidente. El Juez Asociado Señor Rebollo López no intervino.

(*Fdo.*) Francisco R. Agrait Lladó
*Secretario General*

—O—

Opinión disidente emitida por el Juez Asociado Señor Ortiz.

I

Nuevamente nos vemos obligados a disentir de la sentencia emitida el pasado 10 de noviembre y de la resolución de hoy que deniega la fundamentada moción de reconsideración de la recurrente.

Este es un capítulo más de lo que en un futuro podría catalogarse como la saga, no poética, del peregrinaje judicial para decidir si es posible determinar quién fue el candidato electo para el cargo de Alcalde de nuestra Ciudad Capital.

De todos es conocido el historial del caso. El 22 de junio de 1989 revocamos las decisiones del Tribunal Superior, Sala de San Juan, que habían desestimado la demanda de impugnación del resultado de la elección, promovida por el candidato señor Granados Navedo. En lo que resulta pertinente en este momento, resolvimos que los que impugnan una elección tienen capacidad para cuestionar las decisiones de la Comisión Estatal de Elecciones (Comisión), y que el tribunal erró al no reconocerle capacidad al candidato señor Granados Navedo para presentar el testimonio de sus electores que fueron excluidos del proceso de votación o cuyos votos no fueron adjudicados. En cuanto a los electores cuyos votos fueron recusados, dictaminamos que:

No hay que devolver el caso a la Comisión Estatal para que inicie un procedimiento de notificación, vista y decisión en los mil doscientos (1,200) casos individuales. Los derechos se dilucidarán en el tribunal donde las partes deben establecer, por

la preponderancia de la prueba, la capacidad de los electores para votar y que las decisiones de no adjudicar estos votos fueron erróneas. *Granados v. Rodríguez Estrada I*, 124 D.P.R. 1, 31 (1989).

En cuanto al remedio, dispusimos que:

De haber sido este un caso de derecho privado, no habría otra alternativa que la de revocar la sentencia desestimatoria, devolver el caso a instancia para que continúe el desfile de la prueba del demandante y la que estimen necesario ofrecer los demandados, y que el tribunal resuelva los méritos de la controversia.

Dada la situación procesal en que está este caso, ese es el remedio justo, adecuado y procedente. Aquí la parte promovente no tuvo, debido a las decisiones de instancia que hoy hemos revocado, la oportunidad de desfilar toda su prueba. *Granados v. Rodríguez Estrada I*, supra, pág. 49.

El 29 de septiembre de 1989, por votación de cuatro (4) a tres (3), al devolver el caso a instancia se dejó sin efecto su orden para que el señor Granados Navedo acumulara como partes a un grupo de electores de San Juan cuyos votos no fueron adjudicados o anulados por la Comisión. La mayoría resolvió que:

Evaluado cuidadosamente el recurso y las comparecencias de las partes, consideramos que la acumulación ordenada constituye un ejercicio válido de la discreción del Tribunal Superior bajo la Regla 16.2 de Procedimiento Civil, 32 L.P.R.A. Ap. III, según avalada por la jurisprudencia aplicable. Sin embargo, procede la modificación de la orden de modo que la acumulación de las partes se lleve a cabo en el caso de la Sra. Francisca Luzgarda González Suárez contra la C.E.E., y que se disponga de una notificación efectiva por parte de la C.E.E. a todos los electores acumulados. *Granados v. Rodríguez Estrada II*, 124 D.P.R. 593, 600 (1989).

Los disensos del suscribiente y de los Jueces Asociados Señores Negrón García y Rebollo López señalaron las fallas procesales y sustantivas de dicho proceder y sus consecuen-

cias sobre el trámite posterior del caso. En nuestro disenso apuntamos que:

> El suscribiente limitaría la razón de ser para expedir el auto y dejaría sin efecto la orden recurrida. El Tribunal a quo incidió al adoptar el mecanismo de la Regla 16.2 de Procedimiento Civil, 32 L.P.R.A. Ap. III, y al ordenar la notificación a los electores afectados. El presente caso es una impugnación del resultado de una elección. Las acciones independientes y separadas que tienen disponibles los electores son para que se les reconozca su capacidad para votar y que se les adjudique su voto. El Tribunal puede conceder un remedio completo a quienes estén legitimados, según la ley, para participar en el litigio.
>
> Legitimar la participación de terceros mediante el mecanismo de la acumulación de partes no sólo violenta las disposiciones substantivas y procesales de la ley especial que gobierna el caso, sino que es un modo de abrir, en cuanto a incidentes procesales se refiere, la caja de Pandora. (Escolio omitido.) *Granados v. Rodríguez Estrada II*, supra, págs. 707–708.

La caja de Pandora se abrió. Para poder cumplir con nuestro mandato, el foro de instancia se vio obligado a emitir la orden siguiente:

> 1. Conforme al mandato contenido en la opinión mayoritaria del Tribunal Supremo en 29 de septiembre de 1989, este Tribunal ordena la acumulación como partes de las personas que se identifican en el Anejo 1 de esta resolución y orden. De igual forma y conforme al mandato antes aludido, este Tribunal ordena la acumulación como partes a los votantes que ya han iniciado reclamación judicial ante el Tribunal de los Estados Unidos para el Distrito de Puerto Rico, solicitando que se adjudique su voto emitido para el cargo de Alcalde de San Juan. Estos votantes se identifican en el Anejo 2 de la presente resolución y orden.
>
> 2. Se ordena a la parte demandante a que enmiende la demanda radicada en el caso KPE89-0274 con el único propósito de acumular como partes a las personas identificadas en los anejos 1 y 2 de esta resolución y orden; para ello se concede plazo de 5 días naturales.

3. Se ordena a la Comisión Estatal de Elecciones (CEE) que mediante la publicación de un edicto en un periódico de circulación general en la isla, le notifique a las personas identificadas en el Anejo 1 de esta resolución y orden que: 1) el caso de epígrafe se ventilará ante el Tribunal Superior de San Juan, foro que habrá de adjudicar la reclamación de los votantes añadidos a mano a las listas electorales oficiales cuyos votos fueron rechazados y no contados por la CEE; 2) deberán comparecer en el caso KPE89-0274 a formular sus alegaciones en reclamo de sus derechos electorales y de que se adjudique su voto emitido en las pasadas elecciones generales del 8 de noviembre de 1988; 3) deberán comparecer por escrito notificando copia de los mismos a las partes en los casos consolidados, dentro del plazo de 20 días contados a partir de la publicación del edicto.

4. Se ordena a la CEE a que simultáneamente con la publicación del edicto, le notifique a los votantes del Anejo 1 por correo certificado con acuse de recibo: copia de la demanda enmendada, del edicto y de la presente resolución y orden.

5. Se ordena a la CEE a que emplace personalmente a los votantes identificados en el Anejo 2 de la presente resolución y orden, entregándoles en ese momento copia de la demanda enmendada, y de esta resolución y orden. Estos votantes deberán formular sus alegaciones dentro del plazo de 20 días a partir del diligenciamiento del emplazamiento o de la notificación a sus abogados.

6. Las personas identificadas en los Anejos 1 y 2 de esta resolución y orden deberán de alegar, dentro del plazo establecido, lo que a su juicio procediere o fuere pertinente en defensa de su "derecho a la libre emisión del voto y a que éste se cuente y adjudique de la manera" en que lo emitió. Además, deberán someter con sus alegaciones, copia de cualquier prueba documental que demuestre que tenía derecho a estar en las listas electorales o que a su juicio demuestre que su voto deba ser adjudicado.

7. Se apercibe a los votantes acumulados, identificados en los Anejos 1 y 2, que de no comparecer por escrito dentro del plazo ordenado, se entenderá que renuncian a defender el derecho que como ciudadanos votantes tienen. En consecuencia, este Tribunal les anotará la rebeldía; procederá a dictar sen-

tencia denegando el derecho de aquellos votantes que no comparecieron a solicitar que se adjudicara su voto y entenderá que al no comparecer el votante aceptó la corrección de la determinación de la CEE de no adjudicar su voto en las pasadas elecciones.

8. Se ordena a la CEE que el anterior apercibimiento debe constar en la publicación del edicto aquí ordenado. Apéndice I, págs. 1–3.

Atendido el recurso de la señora González Suárez, le concedimos término a todas las partes para que se expresaran. Esto produjo un hecho insólito en esta clase de litigios. Todos los comparecientes, aunque por diversas razones, señalaron diversas fallas y errores de la orden.[1] A pesar de ello, sin reconocer expresamente estas posturas, este Tribunal emitió la sentencia que nos ocupa, la cual repite algunos y agrava otros de los errores cometidos en la opinión de 29 de septiembre de 1989.[2]

## II

El problema jurídico principal de la decisión tomada hoy, y de sus fundamentos, es que no solamente ratifica y agrava la desnaturalización de la acción de impugnación, sino que vuelve a trastocar principios fundamentales del ordenamiento procesal civil. Veamos.

Primero. La orden recurrida y la sentencia de este Tribunal no se limitan a requerir que se enmiende la demanda

---

[1] Véase el resumen hecho en la opinión del Juez Asociado Señor Negrón García. El único que no compareció fue el señor Granados Navedo. Es evidente que su posición hubiese sido que se dejara sin efecto la totalidad de la orden. Después de todo, él fue la parte promovente y perdidosa en el recurso que dio lugar a la Sentencia de 26 de septiembre de 1989.

[2] En justicia al foro de instancia, el hecho de que todas las partes sostengan que su orden es total o parcialmente errónea no refleja descrédito alguno. Dicho foro trató de cumplir con un mandato ambiguo e impreciso. Los ataques realmente van dirigidos a cuestionar la decisión mayoritaria de 29 de septiembre de 1989.

"con el único propósito de acumular como partes . . .". Resolución y orden, pág. 2. Va mucho más allá de lo que se trata de denominar como una "formalidad". La recurrente tiene que alegar que los mil y pico de partes acumuladas son electores cualificados que votaron en las pasadas elecciones de San Juan; que su voto no fue adjudicado *en contravención a la ley y a nuestra Constitución*; que ello puede afectar el resultado de las *elecciones; que se cuente su voto*, y que se dicte el remedio que en derecho proceda.

Aparte de que Doña Francisca Luzgarda ha reiterado en múltiples ocasiones su falta de interés en ser portaestandarte de derechos de estos terceros, la orden obliga a ella y a su abogado a alegar hechos sobre los cuales no tienen conocimiento. Por eso nos pide que reconsideremos, a lo cual nos hemos negado hoy. Ni ella ni su abogado pueden responsablemente afirmar que todos los electores a ser acumulados son electores cualificados a quienes la Comisión les ha violado su derecho constitucional al voto. ¿Cómo saben ellos las circunstancias y los motivos por los cuales no se les adjudicó su voto? ¿Pueden ellos responsablemente así afirmarlo sin que violen los postulados básicos de la Regla 9 de Procedimiento Civil, 32 L.P.R.A. Ap. III? Después de todo, la firma del abogado compromete su buena fe forense y su prestigio profesional. *Polanco v. Tribunal Superior*, 118 D.P.R. 350 (1987); *In re Siverio Orta*, 117 D.P.R. 14 (1986). El hecho de que pueda estar sujeto a violar la Regla 9 de Procedimiento Civil, *supra*, por cumplir una orden del tribunal, puede convertir su actuación en involuntaria no sujeta a sanciones disciplinarias. Sin embargo, ello no deja de colocarlo en una situación tan difícil que su consciencia moral y ética lo obligue a decidir a desacatar la orden o desistir del pleito.

En caso de desestimarse la acción de la aquí recurrente, como sanción o por desistimiento, se obliga al tribunal de instancia a convertirse entonces en parte actora. El juez, Hon. Carlos Polo, es el que tendrá que enmendar las alega-

ciones. Aparte de lo insólito de la situación que se le impone al juez, éste tendrá que alegar afirmativamente las cuestiones de hecho y de derecho que precisamente tendrá que decidir en su día; a saber, si a los mil y pico de electores se les violó el derecho al voto. Presumimos que al así actuar el tribunal de instancia se convertirá temporeramente en una especie de representante del interés público para luego convertirse nuevamente en el juzgador imparcial que sugiere nuestro ordenamiento.

Se olvida la mayoría del Tribunal de que esa transformación no es posible. "[T]odo proceso se inicia a instancias de una persona —física o jurídica, incluso el mismo Estado—. *El proceso civil nunca se inicia de oficio, a instancias del propio órgano jurisdiccional.* (Como dice Guasp, la labor de los Tribunales es resolver problemas, no plantearlos)." J. Guerra San Martín, *Lecciones de Derecho Procesal Civil,* Bilbao, Publicaciones de la Universidad de Deusto, 1978, T. I, pág. 260. Así será el tribunal que, en una fusión sin precedentes, plantea los problemas, les da forma, hace las alegaciones y luego las resuelve.

Aunque también sería un proceder erróneo, hubiera sido preferible que este Tribunal hubiera ordenado a las partes realmente interesadas —o sea, los candidatos— a enmendar sus respectivas alegaciones. Precisamente eso es lo que plantea como alternativa el Partido Popular Democrático (P.P.D.), que sea él quien se haga cargo de hacer las alegaciones. Por lo menos esto evitaría colocar al tribunal de instancia en la triste posición de formular alegaciones sin ser parte interesada o afectada.

### III

Dentro de este marco encontramos algo positivo en la decisión del Tribunal. Por fin se trata de aclarar y resolver que los electores serán acumulados como partes demandantes. *González v. Rodríguez Estrada I,* 124 D.P.R. 749, 754 esc. 2

(1989). Pero subsiste un problema básico en cuanto a los que no comparezcan. La sentencia dispone que "[e]n relación con todas las personas así acumuladas que no comparezcan, el tribunal, tomando en consideración la prueba aportada por todas las partes en los pleitos consolidados, resolverá lo que corresponda en derecho". Íd., págs. 753–754.[4]

Estamos ante unos reclamos individuales y personalísimos de estos mil y pico de electores. Los derechos no pueden ser vindicados o rechazados a base de las alegaciones introducidas sin su participación, ya sea como partes o como testigos.[5] No vemos, pues, cómo el Tribunal puede adjudicarlos en base a la prueba que puedan desfilar otras partes. *Ello es imposible.* La única alternativa real que tiene el Tribunal es desestimar sus reclamaciones bajo la Regla 39 de Procedimiento Civil, 32 L.P.R.A. Ap. III, por su falta de interés o aplicar la presunción de corrección de la decisión administrativa. Pero bajo ninguna circunstancia puede resolverse por la prueba presentada por terceros, sean éstos candidatos o electores. La sentencia objeto de este disenso debió haber sido más específica en cuanto a este punto. Esa falta de especificación sólo es susceptible de entenderse como que se está utilizando "una rebeldía" sui géneris a escondidas y sin advertencia alguna.

Debemos ser más justos con el juez de instancia y con las partes afectadas. Le debimos exponer claramente qué es lo que estamos resolviendo.

---

[4] En el esc. 2 se trata de obviar el error sobre la amenaza de una anotación de rebeldía. Véase la opinión disidente del Juez Asociado Señor Negrón García y el escrito de la Comisión Estatal de Elecciones sobre el conflicto entre la orden del recurrido y la doctrina establecida en *Continental Ins. Co. v. Isleta Marina,* 106 D.P.R. 809 (1978). Sorpresivamente el Tribunal trata de corregir el error sin hacer mención de este conflicto y sin exponer los fundamentos para tal modificación.

[5] La opinión original de 22 de junio de este Tribunal —*Granados v. Rodríguez Estrada I,* 124 D.P.R. 1 (1989)— reconoció que era suficiente que comparecieran como testigos.

## IV

Aunque puede ser una preocupación prematura e hipotética, creemos que la sentencia debió clarificar quién tiene la obligación de contestar la(s) demanda(s) y cuándo surge esta obligación. Nos explicamos.

En este recurso el Presidente de la Comisión Estatal de Elecciones ha comparecido individualmente. Hemos aceptado, *sub silentio*, su posición de que no se le puede obligar a la Comisión a hacer alegaciones a favor de sus decisiones. Al así decidir rechazamos la posición contraria que adelantó el P.P.D., pero dejamos abierto el punto de quienes tienen que comparecer a contestar las demandas enmendadas. Necesariamente tiene que ser la Comisión como institución o su Presidente. Es obvio que los Comisionados Electorales del P.P.D. y del Partido Nuevo Progresista (P.N.P.) no van a comparecer a sostener que la Comisión actuó correctamente al no adjudicar el voto de un miembro de su partido. No vivimos en la Luna ni en Mozambique. No vamos a exigirle a los comisionados su suicidio político. De manera que será el Presidente el que tendrá que defender las decisiones de la Comisión.

Por esa y por las razones expuestas en nuestra opinión disidente de 29 de septiembre, disentimos de la sentencia emitida en este recurso y de la negativa a reconsiderarla.