EN EL TRIBUNAL SUPREMO DE PUERTO RICO

|  |  |
|---|---|
| In re:<br><br>Carmelo Pestaña Segovia | 2015 TSPR 53<br><br>192 DPR \_\_\_\_ |

Número del Caso: AB-2010-11

Fecha: 10 de marzo de 2015

Oficina de la Procuradora General:

      Lcda. Karla Pacheco Álvarez
      Subprocuradora General

      Lcda. Gisela Rivera Matos
      Procuradora General Auxiliar

Materia: La suspensión será efectiva el 5 de mayo de 2015, fecha en que se le notificó al abogado de su suspensión inmediata.

Este documento constituye un documento oficial del Tribunal Supremo que está sujeto a los cambios y correcciones del proceso de compilación y publicación oficial de las decisiones del Tribunal. Su distribución electrónica se hace como un servicio público a la comunidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

In re:

Carmelo Pestaña Segovia

AB-2010-0011

PER CURIAM

En San Juan, Puerto Rico, a 10 de marzo de 2015.

Hoy atendemos una queja presentada en contra del Lcdo. Carmelo Pestaña Segovia, a quien se le imputó conducta contraria a los Cánones de Ética Profesional, 4 LPRA Ap. IX, en el manejo de un caso ante una agencia administrativa. Por entender que la conducta del licenciado Pestaña Segovia en ese caso y durante este proceso disciplinario fue contraria a lo que prescribe nuestro ordenamiento, lo suspendemos inmediata e indefinidamente del ejercicio de la abogacía y la notaría.

I.

El licenciado Pestaña Segovia fue admitido al ejercicio de la abogacía el 13 de enero de 1973

y a la notaría el 20 de octubre de 1982. La queja que da origen a este procedimiento disciplinario fue presentada por el Sr. Armando Meléndez Sáez (quejoso) el 4 de enero de 2010. En síntesis, el quejoso alegó que contrató los servicios del licenciado Pestaña Segovia para que lo representara en un caso en la antigua Administración de Reglamentos y Permisos (ARPE) de Humacao y en una vista administrativa ante la Junta Apelativa de ARPE en San Juan (Junta).

El quejoso expresó que el licenciado Pestaña Segovia le cobró $500 por adelantado y que solamente envió una carta a la Junta. Además, arguyó que intentó comunicarse con el letrado, pero que este no contestaba sus mensajes y llamadas, ni le mantenía informado sobre lo que acontecía en el caso. Ante ese cuadro, el quejoso alegó que se comunicó con la Junta y allí se le indicó que el licenciado Pestaña Segovia no notificó a varias partes interesadas (la Junta de Planificación, la Sra. Noemí García, o sus herederos, y el Sr. Alejandro Bermúdez, a través de su representante legal), ni cumplió con el término concedido para que procediera a llevar a cabo esas notificaciones, por lo que la Junta había tomado la decisión de archivar el caso.

Cuando finalmente el quejoso logró comunicarse con el licenciado Pestaña Segovia en el mes de octubre de 2009, este último le indicó que le devolvería los honorarios

adelantados. Sin embargo, el quejoso alegó que nunca recibió reembolso alguno.

El 28 de enero de 2010, la Subsecretaria de este Tribunal le solicitó al licenciado Pestaña Segovia, mediante correo certificado, que contestara la queja del quejoso. El licenciado Pestaña Segovia no compareció en el término provisto, por lo que la Subsecretaria le cursó una segunda notificación el 18 de marzo de 2010 en la que le solicitó nuevamente que contestara la queja. El 5 de abril de 2010 el licenciado Pestaña Segovia presentó su contestación a la queja y aceptó que representó al quejoso en el caso en cuestión. Además, **expresó que radicó una apelación ante la Junta pero que falló en llevar a cabo las notificaciones requeridas.** Informe Final de la Procuradora General, pág. 2. **El licenciado Pestaña Segovia aceptó que esa fue la razón por la que el caso del quejoso prescribió y se archivó en apelación.** Íd. También indicó que estaba dispuesto a devolverle al quejoso los honorarios que le habían sido pagados, independientemente de la acción que en su día se tomara en su contra. Íd. en la pág. 3. El licenciado Pestaña Segovia reiteró esto último en una moción informativa que presentó el 10 de noviembre de 2010.

El 15 de abril de 2010, la Oficina de la Procuradora General (Procuradora General) le envió al licenciado Pestaña Segovia un primer requerimiento de información en el que le solicitó varios documentos. El licenciado

Pestaña Segovia no contestó esa solicitud, por lo que la Procuradora General procedió a enviarle un segundo requerimiento el 23 de junio de 2010, el cual tampoco fue contestado. El 15 de septiembre de 2010 la Procuradora General nos informó sobre los incumplimientos del licenciado Pestaña Segovia y nos solicitó que le ordenáramos cumplir con los referidos requerimientos.

Entonces, el 28 de septiembre de 2010 emitimos una Resolución en la que le concedimos al licenciado Pestaña Segovia un término final de veinte días para que cumpliera con los requerimientos de la Procuradora General. En respuesta, el licenciado Pestaña Segovia presentó una moción en la que solicitó un término adicional para contestar los requerimientos y el 28 de octubre de 2010 le concedimos un término final e improrrogable de diez días a esos fines. El 29 de octubre de 2010 la Procuradora General presentó una segunda moción informativa en la que expresó que el licenciado Pestaña Segovia no había cumplido con nuestra orden de 28 de septiembre de 2010. Finalmente, el 10 de noviembre, el licenciado Pestaña Segovia presentó una moción informativa en la que escuetamente dio su versión de los hechos de la queja.

Posteriormente, el 10 de diciembre de 2010 emitimos una Resolución en la que la que concedimos a la Procuradora General un término de cuarenta días para presentar su informe. El 28 de enero de 2011 la

Procuradora General presentó su informe parcial, en el que expresó que a pesar de todos los trámites realizados para culminar el proceso de investigación, no había recibido comunicación alguna del licenciado Pestaña Segovia, por lo que no tenía todos los elementos necesarios para preparar un informe final.

El licenciado Pestaña Segovia presentó su contestación al informe de la Procuradora General e indicó que mediante su moción de 10 de noviembre de 2010, había contestado la queja en cuestión, pero que aparentemente la Procuradora General no había recibido esa moción, por lo que estaba enviándole copia simultáneamente. El 18 de febrero de 2011 emitimos una Resolución en la que le concedimos un plazo final e improrrogable de veinte días al licenciado Pestaña Segovia para que cumpliera con los requerimientos de información y documentos de la Procuradora General. En ese momento advertimos al licenciado Pestaña Segovia que el incumplimiento de nuestra orden conllevaría sanciones, incluyendo la posible suspensión del ejercicio de la abogacía. También le concedimos a la Procuradora General un término de cuarenta días siguientes al recibo de la información requerida al licenciado Pestaña Segovia para que nos sometiera su informe final.

Transcurridos más de dos años de nuestra orden, el 21 de marzo de 2013 la Procuradora General presentó una moción en la que nos informó que el licenciado Pestaña

Segovia no había cumplido con nuestra orden del 18 de febrero de 2011 y que por eso ella no podía cumplir con su deber de investigar la queja adecuadamente y presentarnos su informe final. En respuesta a esa moción, el 25 de octubre de 2013 emitimos una Resolución en la que le concedimos al licenciado Pestaña Segovia un término de veinte días para que cumpliera con los requerimientos de la Procuradora General.

El día 13 de noviembre de 2013 el licenciado Pestaña Segovia presentó una moción en la que indicó que ese mismo día se presentaría ante la oficina de la Procuradora General para informarle sobre la queja. Así, emitimos una Resolución el 23 de abril de 2014 en la que tomamos conocimiento de la moción del licenciado Pestaña Segovia y le concedimos un término de veinte días a la Procuradora General para que presentara su informe final.

El 25 de abril de 2014, la Procuradora General presentó su informe final en el que concluyó que la conducta del licenciado Pestaña Segovia podría configurar violaciones a los Cánones 9, 12, 18, 19, 20, 35 y 38. El 19 de mayo de 2014 le concedimos al licenciado Pestaña Segovia un término de veinte días para que se expresara al respecto. **En esa Resolución le advertimos al licenciado Pestaña Segovia que de no comparecer en el término provisto, se entendería que se allanaba a las recomendaciones formuladas en el informe de la Procuradora General.** El 5 de noviembre de 2014, la

Procuradora General presentó una moción informativa en la que indicó que el licenciado Pestaña Segovia nunca compareció para expresarse sobre el informe final. Con ese trasfondo de los incidentes procesales de este caso, pasamos a resolver.

II

A. Este Tribunal tiene el poder inherente para disciplinar a los miembros de la profesión legal que violen los Cánones de Ética Profesional. In re Sigfredo Fontánez Fontánez, 181 DPR 407 (2011). Para encausar los procedimientos a esos fines, aprobamos la Regla 14 del Reglamento del Tribunal Supremo, 4 LPRA XXI-A R.14, en donde establecimos los pasos específicos a seguirse en esos casos.

Así, una vez recibida una queja debidamente juramentada, la Secretaria envía copia al abogado para que se exprese al respecto. Tan pronto se recibe la contestación del abogado, se remite a la Procuradora General, junto con la queja, para que se exprese y haga las recomendaciones que estime pertinentes. Luego de recibida la recomendación de la Procuradora General, el Tribunal puede ordenar el archivo de la queja, ordenar que se amplíe la investigación o someter el asunto a uno de sus integrantes para la determinación de causa, quien debe informar su determinación al Tribunal en pleno. Regla 14(e), supra. En esa etapa, este Foro puede "imponer las sanciones que correspondan **sin necesidad de**

**trámites ulteriores** cuando surjan de la propia contestación hechos que lo justifiquen". Íd. (Énfasis nuestro).

B. El Código de Ética Profesional, supra, recoge las normas de conducta que rigen a los miembros de la profesión legal. El objetivo del código es promover el desempeño personal y profesional de los abogados "de acuerdo con los más altos principios de conducta decorosa para beneficio de la ciudadanía, de la profesión y de las instituciones de justicia". In re Soto Charraire, 186 DPR 1019, 1027 (2012). Hemos reiterado en un sinnúmero de ocasiones que "incumplir con los deberes que imponen la ley y el ordenamiento ético acarrea sanciones disciplinarias". In re Irizarry Irizarry, 190 DPR 368, 374 (2014).

En lo pertinente a este caso, el Canon 9, supra, establece que los abogados deben "observar para con los tribunales una conducta que se caracterice por el mayor respeto". En ese sentido, hemos sido enfáticos en que "es obligación de todo letrado responder diligente y oportunamente a los requerimientos y las órdenes de este Tribunal, particularmente aquellos relacionados con los procedimientos disciplinarios sobre su conducta profesional". In re Irizarry Irizarry, supra. Cuando un abogado no cumple con nuestras órdenes, "demuestra menosprecio hacia nuestra autoridad, infringiendo de ese modo, las disposiciones del Canon 9". Íd. Lo anterior

aplica igualmente a los requerimientos de la Procuradora General y acarrea las mismas sanciones que ignorar las órdenes de este Tribunal. In re García Ortiz, 187 DPR 507, 524 (2013).

En esa misma línea, "el incumplimiento con nuestras órdenes y la indiferencia a nuestros apercibimientos sobre sanciones disciplinarias constituyen causa suficiente para la suspensión inmediata de los abogados". In re Irizarry Irizarry, supra. Reiteramos que el deber de cumplir con nuestras órdenes en los procedimientos disciplinarios es independiente de los méritos de la queja presentada. Íd. También hemos dejado claro que "la desatención a las órdenes de […] una agencia administrativa en virtud del Canon 6 del Código de Ética Profesional, supra, constituye un grave insulto a su autoridad, en clara violación al mandato expreso del Canon 9, supra. In re Valentín Custodio, 187 DPR 529, 542 (2012).

Por su parte, el Canon 12, supra, dispone:

> Es deber del abogado hacia el tribunal, sus compañeros, las partes y testigos el ser puntual en su asistencia y conciso y exacto en el trámite y presentación de las causas. Ello implica el desplegar todas las diligencias necesarias para asegurar que no se causen indebidas dilaciones en su tramitación y solución.

Lo anterior requiere a todos los miembros de la profesión tramitar los casos con puntualidad y

diligencia. In re De León Rodríguez, 190 DPR 378 (2014). Este canon también les exige a los abogados "desplegar todas las diligencias necesarias para asegurarse de que no se causen indebidas dilaciones en la tramitación y solución del caso". In re Hernández González, 188 DPR 721, 727 (2013). Los deberes establecidos por este canon incluyen "la más estricta observancia a las órdenes judiciales". In re Rivera Ramos, 178 DPR 651 (2010). Por eso, "la continua desobediencia de las órdenes del tribunal demuestra una grave infracción a los principios básicos de ética profesional que exigen el mayor respeto hacia los tribunales". Íd.

Por otro lado, el Canon 18, supra, expresa que es deber de todo abogado "defender los intereses del cliente diligentemente, desplegando en cada caso su más profundo saber y habilidad y actuando en aquella forma que la profesión jurídica en general estima adecuada y responsable". Recientemente expresamos que los abogados incumplen con esa obligación cuando "no realiza[n] las gestiones que le fueron encomendadas en el momento oportuno, de la forma adecuada y sin retrasos. […] [E]l deber de diligencia profesional es incompatible con la desidia, la despreocupación y la displicencia en el trámite de un caso". In re Suarez Jimenez, Op. de 17 de diciembre de 2014, 2014 TSPR 143, pág. 4, 192 DPR ___ (2014). (Citas omitidas). Más aun, señalamos que desatender o abandonar un caso, permitir que expire el

término prescriptivo o jurisdiccional e incurrir en cualquier tipo de acción negligente que pueda conllevar o resulte en la desestimación de un caso es contrario a los principios del Canon 18. Íd.

En relación a la información provista al cliente, el Canon 19, supra, establece que "[e]l abogado debe mantener a su cliente siempre informado de todo asunto que surja en el desarrollo del caso que le ha sido encomendado". Sobre esto, hemos expresado que "el deber ineludible de mantener informado al cliente de todo asunto importante que surge durante la tramitación de una causa, según dispuesto en el Canon 19, es un elemento imprescindible en la relación fiduciaria que existe entre el abogado y el cliente". In re Muñoz Morell, 182 DPR 738, 752 (2011). Por esta razón, no hay "información más importante para un cliente que conocer un dictamen adverso dictado en su contra" Íd. (Citando a In re García Muñoz, 170 DPR 780 (2007)).

El Canon 20, supra, establece el procedimiento que los abogados deben seguir cuando renuncian a la representación legal de un cliente. En lo pertinente a este caso, el Canon 20, supra, dispone que al momento de la renuncia el abogado "debe reembolsar inmediatamente cualquier cantidad adeudada que le haya sido pagada en honorarios por servicios que no se han prestado".

El Canon 35, supra, dispone, en lo pertinente, que "[l]a conducta de cualquier miembro de la profesión legal

ante los tribunales, para con sus representados y en las relaciones con sus compañeros debe ser sincera y honrada". Esa obligación "aplica también al proceso investigativo dentro del proceso disciplinario, pues como hemos expresado, este se infringe tanto al negarse a cumplir con los requerimientos de este Tribunal como los del Procurador General para impedir que se descubra la magnitud de los desvíos éticos". In re Iglesias García, 183 DPR 572, 578 (2011).

Asimismo, el Canon 38, supra, dispone que los abogados deben "esforzarse, al máximo de su capacidad, en la exaltación del honor y dignidad de su profesión, aunque el así hacerlo conlleve sacrificios personales y debe evitar hasta la apariencia de conducta profesional impropia". Además, los abogados deben "interesarse en hacer su propia y cabal aportación hacia la consecución de una mejor administración de la justicia". Íd.

III.

Este largo proceso disciplinario comenzó en 2010 y se ha caracterizado por la falta de cooperación del licenciado Pestaña Segovia al no ser responsivo a los requerimientos de la Procuradora General y desatender nuestras órdenes. Como expresamos anteriormente, el 19 de mayo de 2014 le concedimos al licenciado Pestaña Segovia un término de veinte días para que se expresara en torno al informe de la Procuradora General. Le advertimos que se entendería que se allanaba a las recomendaciones allí

contenidas si no comparecía. Al día de hoy, el licenciado Pestaña Segovia no ha presentado su contestación a ese informe, por lo que concluimos que se allanó a lo allí recomendado por la Procuradora General. Véase In re Arroyo Ramos, 159 DPR 284, 287 (2003).

Por eso, conforme a la Regla 14(e), supra, procedemos a imponer las sanciones correspondientes al licenciado Pestaña Segovia utilizando como base la queja presentada en su contra, su contestación y el informe de la Procuradora General, sin necesidad de trámites ulteriores.

Conforme a la investigación de la Procuradora General, el licenciado Pestaña Segovia **admitió** que representó al quejoso en un procedimiento ante la Junta y que debido a que no notificó adecuadamente el recurso a todas las partes con interés, el caso fue desestimado y prescribió el término para presentar la apelación. Informe de la Procuradora General, pág. 11. Encontramos que por esa conducta el licenciado Pestaña Segovia incumplió con los Cánones 12 y 18, supra. Igualmente, el licenciado Pestaña Segovia desatendió las órdenes emitidas por la Junta a los efectos de que llevara a cabo las referidas notificaciones y así evitara el archivo del caso. Esa conducta fue contraria al Canon 9, supra.

En cuanto a si el licenciado Pestaña Segovia mantenía a su cliente informado sobre lo que sucedía en el caso, el quejoso alegó que se enteró de la desestimación de su

caso porque se comunicó directamente con la Junta. Como parte de la investigación realizada por la Procuradora General, el licenciado Pestaña Segovia no negó ni rebatió esas alegaciones. Igualmente, al no contestar el informe de la Procuradora General se allanó a la conclusión de que al no mantener informado a su cliente, no cumplió con el Canon 19, supra. Por eso, determinamos que el licenciado Pestaña Segovia se apartó de lo establecido en el Canon 19, supra.

Durante el proceso de investigación llevado a cabo por la Procuradora General el licenciado Pestaña Segovia no presentó evidencia alguna acreditando que hubiese devuelto al quejoso los $500 en honorarios que este último le adelantó. Por el contrario, a lo largo de este proceso disciplinario el letrado ha aceptado en varias ocasiones que no ha reembolsado ese dinero al quejoso, a pesar de que se comprometió a hacerlo.[1] Por eso, concluimos que el licenciado Pestaña Segovia violentó el Canon 20, supra, al no reembolsar **inmediatamente** los honorarios que le fueron adelantados.

---

[1] Véanse Informe final de la Procuradora General, pág. 7, Moción informativa de 9 de noviembre de 2010. ("Independientemente de que [sic] la acción que en su momento pueda tomar el Honorable Tribunal Supremo sobre mi conducta profesional, voy a devolver íntegramente los honorarios que me fueron abonados.") y Contestación a la queja de 5 de abril de 2010. (Por este medio le informo a ustedes que los honorarios que me fueron pagados estoy dispuesto a devolverlos independientemente de la acción que ustedes tomar[á]n en su momento contra mí.").

Finalmente, el licenciado Pestaña Segovia desatendió los requerimientos de la Procuradora General en múltiples ocasiones. Igualmente sucedió con nuestras órdenes. Esa conducta, en sí misma, constituye una violación a los Cánones 9, 35 y 38, supra. Reiteramos que no dudaremos en tomar acción disciplinaria en contra de abogados que reiteradamente incumplan con términos finales concedidos para contestar nuestras órdenes y los requerimientos de la Procuradora General. Ya hemos expresado que "[b]ajo ningún concepto este Tribunal está vedado de auscultar si procede la suspensión de un miembro de nuestra profesión ante un trámite que demuestra un cúmulo de acciones dirigidas a dilatar y entorpecer los procedimientos en contravención al Canon 9, supra." In re Asencio Marquez, 183 DPR 659, 664-665 (2011). Debe quedar claro que, al igual que en este caso, no dudaremos en poner en vigor nuestra advertencia de que un abogado se allana a las recomendaciones formuladas por la Procuradora General si no comparece a expresarse en el término provisto a esos fines.

IV.

Por los fundamentos antes expuestos, concluimos que el Lcdo. Carmelo Pestaña Segovia violó los Cánones 9, 12, 18, 19, 20, 35 y 38 de Ética Profesional, supra.

Según surge del expediente personal del licenciado Pestaña Segovia, el 12 de marzo de 2010 lo censuramos enérgicamente por su conducta en otro procedimiento

disciplinario. Igualmente, ante una deuda por concepto de fianza notarial, que eventualmente fue subsanada, el 23 de junio de 2009 apercibimos al licenciado Pestaña Segovia que debía cumplir estrictamente con la Ley Notarial. Según hemos expresado anteriormente, ese historial previo es un factor a considerar al imponer una sanción disciplinaria. In re De León Rodríguez, 190 DPR 378, 396 (2014).

En vista de todo lo anterior, suspendemos al licenciado Pestaña Segovia del ejercicio de la abogacía y la notaría inmediata e indefinidamente. Le ordenamos devolver al quejoso los honorarios adelantados por servicios no prestados inmediatamente y le imponemos el deber de notificar a todos sus clientes su inhabilidad de seguir representándolos e informar oportunamente de su suspensión indefinida a los foros judiciales y administrativos de Puerto Rico. Además, tiene la obligación de acreditar y certificar ante este Tribunal el cumplimiento con todo lo anterior, dentro del término de treinta días a partir de la notificación de esta Opinión *Per Curiam* y Sentencia.

Se dictará Sentencia de conformidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

In re:

Carmelo Pestaña Segovia                    AB-2010-0011


SENTENCIA

En San Juan, Puerto Rico, a 10 de marzo de 2015.

Por los fundamentos expuestos, en la Opinión Per Curiam que antecede, la cual se hace formar parte integrante de la presente Sentencia, suspendemos al licenciado Pestaña Segovia del ejercicio de la abogacía y la notaría inmediata e indefinidamente. Le ordenamos devolver al quejoso los honorarios adelantados por servicios no prestados inmediatamente y le imponemos el deber de notificar a todos sus clientes su inhabilidad de seguir representándolos e informar oportunamente de su suspensión indefinida a los foros judiciales y administrativos de Puerto Rico. Además, tiene la obligación de acreditar y certificar ante este Tribunal el cumplimiento con todo lo anterior, dentro del término de treinta días a partir de la notificación de esta Opinión *Per Curiam* y Sentencia.

Lo acordó y ordena el Tribunal, y lo certifica la Secretaria del Tribunal Supremo. La Jueza Presidenta señora Fiol Matta, la Juez Asociada señora Rodríguez Rodríguez y el Juez Asociado señor Rivera García no intervienen.


Aida I. Oquendo Graulau
Secretaria del Tribunal Supremo