EN EL TRIBUNAL SUPREMO DE PUERTO RICO

| In re:<br><br>José A. Ramírez Zambrana | 2015 TSPR 87<br><br>193 DPR ____ |
| --- | --- |

Número del Caso: AB-2013-494

Fecha: 26 de junio de 2015

Materia: Conducta Profesional – La Suspensión será efectiva el 2 de julio de 2015, fecha en que fue notificado del abogado de su suspensión inmediata.

Este documento constituye un documento oficial del Tribunal Supremo que está sujeto a los cambios y correcciones del proceso de compilación y publicación oficial de las decisiones del Tribunal. Su distribución electrónica se hace como un servicio público a la comunidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

In re

José A. Ramírez Zambrana

AB-2013-0494

PER CURIAM

En San Juan, Puerto Rico, a 26 de junio de 2015.

Hoy nos vemos obligados a suspender inmediata e indefinidamente al Lcdo. José A. Ramírez Zambrana del ejercicio de la abogacía y notaría por no contestar una queja presentada en su contra, a pesar de que le brindamos tiempo más que suficiente para hacerlo.

I.

El licenciado Ramírez Zambrana fue admitido al ejercicio de la abogacía el 1 de noviembre de 1978 y a la notaría el 4 de abril de 1979. El 20 de diciembre de 2013 la Subsecretaria del Tribunal

Supremo cursó una comunicación, certificada con acuse de recibo, al licenciado Ramírez Zambrana en la que le concedió un término de diez días para contestar una queja presentada en su contra. Debido a que el letrado no compareció, se le envió una segunda misiva el 26 de febrero de 2014 en la que se le concedió un término adicional de diez días para que compareciera y reaccionara a la queja. Tampoco contestó esa misiva. Por esa razón, el 13 de mayo de 2014 emitimos una Resolución en la que le concedimos un término final de cinco días al licenciado Ramírez Zambrana para que compareciera y contestara la queja presentada en su contra. Además, apercibimos al letrado de que su incumplimiento con nuestra Resolución podría conllevar sanciones disciplinarias, incluyendo la suspensión del ejercicio de la profesión.

El 10 de julio de 2014 el licenciado Ramírez Zambrana compareció y solicitó una prórroga de diez días para contestar la queja debido a que estuvo fuera de Puerto Rico atendiendo asuntos personales y familiares. En vista de lo anterior, el 12 de febrero de 2015, le concedimos un término final de cinco días al letrado para que contestara la queja. En esa ocasión, volvimos a apercibirlo de que su incumplimiento con nuestra Resolución podría conllevar sanciones disciplinarias, incluyendo la suspensión del ejercicio de la profesión. Al día de hoy, el licenciado Ramírez Zambrana no ha comparecido.

Por otro lado, el 15 de mayo de 2015, el Director de la Oficina de Inspección de Notarías (ODIN) nos presentó un informe especial en el que, entre otras cosas, expresó que el licenciado Ramírez Zambrana adeudaba veintisiete índices de actividad notarial mensual y los informes estadísticos de actividad notarial anual para los años 2011 a 2013. Esas deficiencias fueron notificadas al letrado a su dirección de notificaciones, según obra en el Registro Único de Abogados (RUA), el 21 de noviembre de 2014, pero fue devuelta por el servicio postal debido a que no fue reclamada. ODIN notificó nuevamente los señalamientos el 16 de enero de 2015. En esa ocasión, la comunicación no fue devuelta. Según nos informó ODIN, al presente, el licenciado Ramírez Zambrana no ha contestado los requerimientos. Tampoco surge de los archivos de ODIN y de este Tribunal que el letrado tenga vigente la fianza notarial requerida por ley.

II

El Código de Ética Profesional, 4 LPRA XXI-A, establece las normas que rigen la conducta de los miembros de la profesión legal. En específico, el Canon 9, _supra_, dispone que los abogados deben "observar para con los tribunales una conducta que se caracterice por el mayor respeto". Por esa razón, hemos enfatizado que "es obligación de todo letrado responder diligente y oportunamente a los requerimientos y las órdenes de este Tribunal,

particularmente aquellos relacionados con los procedimientos disciplinarios sobre su conducta profesional". In re Carmelo Pestaña Segovia, Op. de 10 de marzo de 2015, 2015 TSPR 53, pág. 8, 192 DPR ___ (2015). Cuando un abogado no cumple con nuestras órdenes relacionadas a un procedimiento disciplinario, "demuestra menosprecio hacia nuestra autoridad, infringiendo de ese modo, las disposiciones del Canon 9". In re Martínez Rodríguez, Op. de 11 de marzo de 2015, 2015 TSPR 58, pág. 2, 192 DPR ___ (2015). Lo anterior es igualmente aplicable a los requerimientos de ODIN. In re Pacheco Pacheco, Op. de 16 de marzo de 2015, 2015 TSPR 26, pág. 8, 192 DPR ___ (2015).

En esa misma línea, hemos resuelto que "el incumplimiento con nuestras órdenes y la indiferencia a nuestros apercibimientos sobre sanciones disciplinarias constituyen causa suficiente para la suspensión inmediata de los abogados". In re Irizarry Irizarry, 190 DPR 368, 375 (2014). La obligación de cumplir con nuestras órdenes en los procedimientos disciplinarios es independiente de los méritos de la queja presentada. Íd.

III.

El licenciado Ramírez Zambrana desatendió los requerimientos y las órdenes de este Tribunal en varias ocasiones. Lo mismo sucedió con los requerimientos de ODIN. Esa conducta, en sí misma, constituye una violación del

Canon 9, supra. Al igual que hemos hecho anteriormente, no dudaremos en tomar acción disciplinaria en contra de abogados que reiteradamente incumplan con términos finales concedidos para contestar nuestras órdenes. In re Carmelo Pestaña Segovia, supra.

IV.

Por los fundamentos antes expuestos, ordenamos la suspensión inmediata e indefinida del Lcdo. José A. Ramírez Zambrana de la práctica de la abogacía y notaría.

El licenciado Ramírez Zambrana deberá notificar a sus clientes que, por motivo de su suspensión, no podrá continuar proveyéndoles consultoría ni representación legal, y devolverá a estos los expedientes de cualquier caso ya atendido o pendiente de resolución y los honorarios que haya percibido por trabajos no realizados. De igual manera, tendrá la responsabilidad de informar de su suspensión a cualquier foro judicial o administrativo en el que tenga algún caso pendiente y mantenernos informados de cualquier cambio en su dirección, teléfono y correo electrónico. Deberá acreditar y certificar ante este Tribunal el cumplimiento con todo lo anterior, dentro del término de treinta días, contados a partir de la notificación de la presente Opinión Per Curiam y Sentencia.

Se le ordena al Alguacil de este Tribunal incautar inmediatamente la obra y el sello notarial del licenciado Ramírez Zambrana y entregarlos al Director de la Oficina de

Inspección de Notarías para la correspondiente investigación e informe.

Notifíquese personalmente esta Opinión *Per Curiam* y Sentencia.

Se dictará Sentencia de conformidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

In re

José A. Ramírez Zambrana

AB-2013-0494

SENTENCIA

En San Juan, Puerto Rico, a 26 de junio de 2015.

Por los fundamentos antes expuestos, en la Opinión Per Curiam que antecede, la cual se hace formar parte integrante de la presente Sentencia, ordenamos la suspensión inmediata e indefinida del Lcdo. José A. Ramírez Zambrana de la práctica de la abogacía y notaría.

El licenciado Ramírez Zambrana deberá notificar a sus clientes que, por motivo de su suspensión, no podrá continuar proveyéndoles consultoría ni representación legal, y devolverá a estos los expedientes de cualquier caso ya atendido o pendiente de resolución y los honorarios que haya percibido por trabajos no realizados. De igual manera, tendrá la responsabilidad de informar de su suspensión a cualquier foro judicial o administrativo en el que tenga algún caso pendiente y mantenernos informados de cualquier cambio en su dirección, teléfono y correo electrónico. Deberá acreditar y certificar ante este Tribunal el cumplimiento con todo lo anterior, dentro del término de treinta días, contados a partir de la

notificación de la presente Opinión *Per Curiam* y Sentencia.

Se le ordena al Alguacil de este Tribunal incautar inmediatamente la obra y el sello notarial del licenciado Ramírez Zambrana y entregarlos al Director de la Oficina de Inspección de Notarías para la correspondiente investigación e informe.

Lo acordó y ordena el Tribunal, y lo certifica la Secretaria del Tribunal Supremo. La Juez Asociada señora Rodríguez Rodríguez no intervino.


                        Aida I. Oquendo Graulau
                     Secretaria del Tribunal Supremo