EN EL TRIBUNAL SUPREMO DE PUERTO RICO

| | |
|---|---|
| In re:<br><br><br>Lcdo. Nicolás Ortiz Guevara<br>Lcdo. Eugenio Rivera Lozada | 2016 TSPR 55<br><br>195 DPR ____ |

Número del Caso: CP-2014-6


Fecha: 21 de marzo de 2016


Oficina de la Procuradora General:

  Lcda. Karla Pacheco Álvarez
  Subprocuradora General

  Lcda. Yaizamari Lugo Fontanez
  Procuradora General Auxiliar


Abogado de Nicolás Ortiz Guevera:

  Lcdo. Luis E. Delanoy Solé

Abogado de Eugenio Rivera Lozada:

  Lcdo. Manuel Reyes Dávila

Comisionado Especial:

  Hon. Carlos S. Dávila Vélez


Materia: Conducta Profesional – La suspensión del Lcdo. Eugenio Rivera Lozada será efectiva el 29 de marzo de 2016, fecha en que se le notificó de su suspensión inmediata.


Este documento constituye un documento oficial del Tribunal Supremo que está sujeto a los cambios y correcciones del proceso de compilación y publicación oficial de las decisiones del Tribunal. Su distribución electrónica se hace como un servicio público a la comunidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

In re:

Lcdo. Nicolás Ortiz Guevara          CP-2014-6
Lcdo. Eugenio Rivera Lozada

*PER CURIAM*

San Juan, Puerto Rico, a 21 de marzo de 2016.

I

El Lcdo. Nicolás Ortiz Guevara (licenciado Ortiz Guevara) fue admitido al ejercicio de la abogacía el 30 de noviembre de 1982 y prestó juramento como notario el 1 de febrero de 1983. Por otro lado, el Lcdo. Eugenio Rivera Lozada (licenciado Rivera Lozada) fue admitido a la práctica de la abogacía el 14 de diciembre de 1967. El 15 de abril de 2014, la Procuradora General presentó una Querella sobre conducta profesional contra ambos letrados.

La Querella surge con relación al caso *Sucesión de Gregorio Maldonado Ortiz y Otros v. Sucesión de Francisco Maldonado Hernández y Otros,*

D AC-1995-0855. Mediante una Resolución de 24 de mayo de 2011, el Tribunal de Apelaciones refirió el asunto ante este Tribunal por entender que ambos licenciados pudieron haber infringido estándares éticos al representar clientes con intereses encontrados. Esto en cumplimiento con los Cánones 7 y 14 de Ética Judicial, 4 LPRA Ap. IV-B.

Tras los trámites de rigor, el Comisionado Especial designado, Hon. Carlos S. Dávila Vélez, rindió su Informe el 9 de octubre de 2015. En este adoptó la relación de hechos estipulada por las partes. A continuación resumimos los hechos pertinentes.

El 5 de agosto de 2008, el Tribunal de Primera Instancia emitió una Sentencia en la que declaró con lugar la Demanda presentada en el caso *Sucesión de Gregorio Maldonado Ortiz y Otros v. Sucesión de Francisco Maldonado Hernández y Otros*, supra. Cabe señalar que las partes de ese caso incluyen sucesiones y numerosos herederos por representación.[1] El Lcdo. Eugenio Rivera Lozada era el representante legal de la parte demandante.

Así las cosas, mediante Opinión *Per Curiam* de 26 de junio de 2009, notificada el 13 de julio de 2009, suspendimos de forma inmediata y por seis meses del ejercicio de la abogacía al licenciado Rivera Lozada.[2] La

---

[1] Para un recuento de los hechos que motivaron la acción, véase *Sucn. Maldonado v. Sucn. Maldonado*, 166 DPR 154 (2005).

[2] *In re Rivera Lozada*, 176 DPR 215 (2009). La suspensión fue efectiva el 13 de julio de 2009, fecha en que le fue notificada la determinación de este Tribunal al Lcdo. Eugenio Rivera Lozada. En consecuencia se incautó su obra y sello notarial. Luego de varios trámites, principalmente relacionados con su obra notarial, el

Sentencia que emitiéramos le requería al licenciado Rivera Lozada "**informarle oportunamente de su suspensión a los distintos foros judiciales y administrativos del país**", entre otros requerimientos.

El 13 de julio de 2009, el licenciado Rivera Lozada, en representación de la parte demandante, presentó dos mociones, entre ellas, una *Moción Solicitando Fijación de Gastos y Honorarios*. Esta moción solicitaba aquellos gastos y honorarios incurridos durante su representación legal a favor de todos los herederos.[3] No obstante, el 14 de julio de 2009 presentó una *Moción Informando Nueva Representación Legal*, en la que manifestó que a partir del 13 de julio de 2009 **sería sustituido** por el Lcdo. Eugenio Rivera Ramos. Esta sustitución fue aceptada por el Tribunal el 23 de julio.[4] No obstante, el 14 de septiembre de 2009, el Tribunal aceptó la renuncia del Lcdo. Eugenio Rivera Ramos y aceptó al Lcdo. Nicolás Ortiz Guevara como representante legal de la parte demandante.

---

licenciado Rivera Lozada fue reinstalado al ejercicio de la abogacía el 22 de julio de 2010. Véase 179 DPR 1037 (2010). No obstante, no se ha autorizado su reinstalación al ejercicio de la notaría. Además, el 30 de enero de 2015 examinamos la *Solicitud de baja voluntaria al ejercicio de la abogacía* presentada por el licenciado Rivera Lozada y la declaramos no ha lugar puesto que se consideraría luego de culminar el proceso de las Querellas pendientes.

[3] La segunda moción presentada por el licenciado Rivera Lozada se titulaba *Moción Solicitando que se Resuelva el Problema de la Tasación, Mesura, Contribuciones o Deudas del CRIM y llevare a Cabo la Instancia.*

[4] Cabe señalar que el Lcdo. Eugenio Rivera Lozada no le informó al Tribunal en su *Moción informando Nueva Representación Legal* que fue suspendido.

Cabe señalar que durante este periodo el Tribunal emitió diversas órdenes relacionadas con las dos mociones de 13 de julio de 2009, entre ellas que se presentaran ciertos documentos (tales como copia del Contrato de Servicios Profesionales y factura sobre gastos y honorarios) y que se notificaran las mociones a la parte interventora. El 23 de septiembre de 2009, notificada el 30 de septiembre de 2009, el Tribunal dio por desistida las solicitudes presentadas en estas mociones ante el reiterado incumplimiento de la representación legal de la parte demandante con sus múltiples órdenes.[5]

El 6 de octubre de 2009, el licenciado Ortiz Guevara presentó una *Moción de Renuncia de Representación Legal* en la que informó que fue contratado por la Sra. Carmen Felisa Morales Maldonado en representación de los herederos demandantes y que les había informado su renuncia del caso debido a asuntos familiares de naturaleza delicada. Esta solicitud fue denegada por el Tribunal.[6] Además, dicho foro le ordenó proveer la dirección física de sus clientes.[7] No obstante, el licenciado Ortiz Guevara

---

[5] El 28 de septiembre de 2009, la parte demandante representada por el Lcdo. Nicolás Ortiz Guevara presentó *Moción Informativa y en Cumplimiento de Orden* en la que informaba que había notificado los escritos.

[6] En comparecencia ante este Tribunal, el licenciado Ortiz Guevara indicó que asumió la representación de la parte demandante durante un viaje del licenciado Rivera Ramos. No obstante, este se negó a resumir la representación tras su regreso.

[7] El 13 de noviembre de 2009, el licenciado Ortiz Guevara enmendó la moción de renuncia presentada informando que había hecho entrega del expediente del caso a la Sra. Carmen F. Morales Maldonado. El Tribunal refirió al licenciado Ortiz Guevara a la orden del 23 de septiembre de 2009.

compareció ante el Tribunal el 13 de noviembre de 2009 y solicitó honorarios de abogado a favor del licenciado Rivera Lozada. En su escrito indicó que comparecía "solamente para representar al Lcdo. Eugenio Rivera Lozada en su interés".[8] Por ello, el Tribunal emitió una orden en la que indicaba que el licenciado Ortiz Guevara no había sido relevado de la representación legal de los demandantes.

Luego de varias solicitudes de renuncia,[9] ante una nueva solicitud de 9 de julio de 2010 presentada por el licenciado Ortiz Guevara, el foro primario determinó que dispondría de la misma tan pronto se anunciara nueva representación legal de la parte demandante. Sin embargo, a la vista especial celebrada el 27 de septiembre de 2010 no compareció la parte demandante ni el licenciado Ortiz

---

[8] La moción de 13 de noviembre de 2009 también indicaba que "en ningún momento este abogado representará a los demandantes, presentó su renuncia al presente caso el 6 de octubre de 2009". El 22 de diciembre de 2009, la parte interventora presentó su oposición a esta moción, así como una *Moción para que se dicte orden aclarando a quién representa el Lcdo. Nicolás Ortiz Guevara*.

[9] Asimismo, el 15 de abril de 2010, el licenciado Ortiz Guevara solicitó nuevamente el relevo de la representación legal de la parte demandante, pero fue declarada no ha lugar por el Tribunal el 21 de abril de 2010.

Por otro lado, el 14 de abril de 2010, la señora Carmen F. Morales Maldonado, presentó dos mociones por derecho propio: (1) *Moción informando direcciones y solicitando que se acepte renuncia del Lcdo. Nicolás Ortiz Guevara y Poder Gestionar Nueva Representación Legal*, y (2) *Moción Solicitando Fijación de Gastos y Honorarios* en la que informaba que ratificaba los acuerdos llegados con el licenciado Rivera Lozada. Ambas fueron declaradas no ha lugar por lo que el 27 de mayo de 2010, la señora Morales Maldonado presentó un recurso de *certiorari* por derecho propio solicitando la revisión de la determinación del Tribunal de Primera Instancia que denegó su solicitud para que se aceptara la renuncia del licenciado Ortiz Guevara. Finalmente el Tribunal de Apelaciones revocó la resolución recurrida y estableció que el foro primario debió aceptar la solicitud de renuncia del licenciado Ortiz Guevara.

Guevara por lo que fue transferida al 17 de diciembre de 2010. Además, se le ordenó al licenciado Ortiz Guevara que acudiera a la misma, so pena de sanciones.

Por otro lado, el 22 de noviembre de 2010 el licenciado Rivera Lozada, por derecho propio, presentó una solicitud de intervención y solicitó que se le pagaran los honorarios correspondientes. Mediante una Resolución de 2 de diciembre de 2010 surge que el Tribunal indicó que dicha solicitud se resolvería en la vista de 17 de diciembre de 2010. Llegada la fecha, esta fue declarada no ha lugar.[10] De la Minuta de la vista del 17 de diciembre de 2010 surge que varios codemandantes, entre ellos la Sra. Carmen F. Morales Maldonado, estuvieron de acuerdo con el desistimiento sin perjuicio de la causa de acción.[11] Asimismo, el 3 de febrero de 2011, estos presentaron *Estipulación para el Desistimiento sin Perjuicio del Pleito*. Por lo tanto, mediante Sentencia de 10 de febrero de 2011 el Tribunal de Primera Instancia decretó el archivo del caso sin perjuicio.

Cabe señalar que el 2 de febrero de 2011 el licenciado Rivera Lozada presentó *Moción Asumiendo Representación*

---

[10] Además, se le advirtió al licenciado Rivera Lozada que su próxima solicitud lo podría encontrar incurso en desacato por ser su cuarta solicitud al respecto. El 29 de diciembre de 2010, el licenciado Rivera Lozada presentó una moción en la que solicitó nuevo señalamiento para la intervención, pues indicó que la resolución que señaló la vista para el 17 de diciembre de 2010 fue recibida el 20 de diciembre siguiente. El 19 de enero de 2011, el Tribunal declaró no ha lugar nuevamente su solicitud de intervención.

[11] Los codemandantes entendían que en ese momento no era posible ni conveniente llevar a cabo la partición judicial de la propiedad en cuestión ante la gran cantidad de herederos, las características de la misma, que no todos los demandantes habían contratado representación legal y la situación del mercado de bienes raíces, etc.

*Legal y Solicitud de Término* en la que indicó que asumía la representación legal de la parte demandante. Ante el acuerdo bajo juramento de las partes de desistir, el Tribunal determinó que nada tenía que disponer sobre la solicitud presentada por el licenciado Rivera Lozada. Conforme surge posteriormente de la Sentencia enmendada de 17 de marzo de 2011, la Lcda. Migdalia Torres Díaz representó en la vista en la que los codemandantes desistieron sin perjuicio y bajo juramento, a la Sra. Carmen F. Morales Maldonado.

Sin embargo, el 23 de marzo de 2011 el licenciado Rivera Lozada presentó un recurso intitulado "Apelación" ante el Tribunal de Apelaciones. Solicitó la revisión de la Sentencia dictada en representación de Carmen F. Morales Maldonado y todos los herederos de la Sucesión de Don Gregorio Maldonado Ortiz y de la Sucesión de Doña Belén Hernández Bracero. Sostuvo, entre otras cosas, que la señora Morales Maldonado estuvo ausente en la vista especial y que ella ni la sucesión no estaban debidamente representados. El Tribunal de Apelaciones denegó la expedición del recurso presentado y resolvió que los errores señalados eran frívolos dado que la peticionaria compareció a la vista en cuestión representada por otra letrada y aceptó bajo juramento desistir del caso sin perjuicio, entre otras cosas. Asimismo, le impuso a la peticionaria una sanción de doscientos dólares ($200.00) a favor del Estado. El licenciado Rivera Lozada solicitó

reconsideración de la Resolución emitida, pero esta fue denegada. Inconforme, acudió mediante recurso de *certiorari* ante nos, petición que declaramos no ha lugar el 4 de noviembre de 2011.

Ante la concesión por el Tribunal de Primera Instancia a la Sra. Carmen F. Morales Maldonado de diez (10) días para que consignara los doscientos ($200.00) dólares a favor del Estado, so pena de sanciones mayores, la Lcda. Migdalia Torres Díaz, en representación de la señora Morales Maldonado, informó al Tribunal que su cliente no había autorizado al licenciado Rivera Lozada a comparecer ante el Tribunal de Apelaciones en representación de esta a los fines de presentar un escrito de *certiorari*. Ante la Orden del Tribunal, el 9 de diciembre de 2011, la señora Morales Maldonado aseveró nuevamente bajo juramento que nunca autorizó al licenciado Rivera Lozada a presentar un recurso ante el Tribunal de Apelaciones.

Así las cosas, la Oficina de la Procuradora General presentó cargos contra los licenciados Ortiz Guevara y Rivera Lozada. Al licenciado Ortiz Guevara le imputó violaciones a los Cánones 20, 21 y 38 del Código Ética Profesional, 4 LPRA Ap. IX, por defender intereses encontrados.[12] Por otro lado, le imputó violaciones a los

---

[12] Los cargos presentados contra el Lcdo. Nicolás Ortiz Guevara fueron los siguientes:

PRIMER CARGO:    El licenciado Ortiz Guevara incumplió con los preceptos del Canon 21 de Ética Profesional al representar los intereses del licenciado Rivera Lozada en el caso D AC1995-0855, mientras aun representaba a la parte demandante, abogando por los intereses del licenciado

Cánones 9, 12, 17, 21, 26, 35 y 38 del Código de Ética

Profesional al licenciado Rivera Lozada.[13]

---

Rivera Lozada aun cuando éste tenía o podía tener intereses adversos a los de la parte demandante, incurriendo así en un real o potencial conflicto de intereses.

SEGUNDO CARGO: El licenciado Ortiz Guevara violó los preceptos del Canon 20 de Ética Profesional al comparecer ante el Tribunal de Primera Instancia como representante legal del licenciado Rivera Lozada, por entender que ya no representaba a la parte demandante porque había solicitado la renuncia aun cuando la misma no le había sido concedida por el Tribunal.

TERCER CARGO: El licenciado Ortiz Guevara infringió el Canon 38 de Ética Profesional al no exaltar el honor y la dignidad de la profesión y al incurrir en la apariencia de conducta impropia al presentar su moción del 13 de noviembre de 2009, en la cual solicitó la fijación de honorarios y gastos en representación del licenciado Rivera Lozada cuando aún representaba los intereses de la parte demandante.

[13] Los cargos presentados contra el Lcdo. Eugenio Rivera Lozada fueron los siguientes:

PRIMER CARGO: El licenciado Eugenio Rivera Lozada infringió los cánones 12,17 y 26 de Ética Profesional al presentar el recurso de apelación número KLAN2011-0360 y diferentes escritos en dicho procedimiento y ante el Tribunal Supremo en el caso CC-2011-750, en representación de la Sra. Carmen Morales Maldonado, siendo estos frívolos según consta del expediente judicial del Tribunal de Primera Instancia.

SEGUNDO CARGO: EL licenciado Eugenio Rivera Lozada infringió el deber de sinceridad y honestidad dispuesto en el Canon 35 de Ética Profesional al exponer en sus escritos ante el Tribunal de Apelaciones en el caso KLAN2011-0360 hechos inconsistentes con los hechos acontecidos ente el Tribunal de Primera Instancia y que surgen del expediente judicial del caso.

TERCER CARGO: El licenciado Rivera Lozada violó los preceptos del Canon 21 de Ética Profesional al asumir la representación legal de la Sra. Carmen F. Morales Maldonado para presentar el recurso de apelación KLAn2011-0360 cuando del expediente judicial D AC1995-0855 surge el real o potencial conflicto entre sus intereses y los de esta, viéndose afectado su juicio profesional por su interés personal, a tal nivel que presentó un recurso frívolo para conseguir reabrir el caso.

CUARTO CARGO: El licenciado Rivera Lozada violó los preceptos del Canon 9 y 35 de Ética Profesional al no informar oportunamente su suspensión en el caso In re Eugenio Rivera Lozada, 176 D.P.R. 215 (2009) al Tribunal de Primera Instancia mientras se ventilaba el caso D AC1955 conforme le fue ordenado por este Alto Foro al momento de su suspensión.

En cuanto a las violaciones imputadas al licenciado Ortiz Guevara, el Comisionado Especial concluyó que este incurrió en conducta violatoria de los cánones 20, 21 y 38 del Código de Ética Profesional, *supra*. No obstante, recomendó que se consideraran ciertos atenuantes.

Por otro lado, en cuanto a los cargos por violación a los Cánones 9, 12, 17, 21, 26, 35 y 38 del Código de Ética Profesional, *supra*, por parte del licenciado Rivera Lozada, el Comisionado Especial concluyó que todos ellos fueron violados.

Procedemos entonces a analizar las normas aplicables.

## II

El Código de Ética Profesional recoge las normas mínimas de conducta que deben seguir los miembros de la profesión legal. Ello con el objetivo de promover un comportamiento ejemplar para beneficio de la ciudadanía, la profesión y las instituciones de justicia. *In re Guemárez Santiago*, 191 DPR 611 (2014); *In re Ortiz Delgado*, 189 DPR 826, 830 (2013).

---

QUINTO CARGO:    El licenciado Rivera Lozada quebrantó los preceptos del Canon 38 de Ética Profesional con sus actuaciones al presentar un recurso de apelación frívolo, al exponer información inconsistente con la verdad en su escrito de apelación, aceptar la representación de la señora Maldonado Flores para presentar el recurso de apelación aun cuando existía un real y potencial conflicto de intereses o la apariencia del mismo y al no informar su suspensión al Tribunal de Primera Instancia conforme le fue ordenado. Ello, ya que dicha conducta no exalta el honor y la dignidad de la profesión, no evita la apariencia de conducta impropia ni se interesó por hacer su propia y cabal aportación hacia la consecución de una mejor administración de la justicia.

Así, el Canon 9 del Código de Ética Profesional, *supra*, dispone que los abogados y las abogadas deben "observar para con los tribunales una conducta que se caracterice por el mayor respeto". Asimismo, deben responder de forma diligente y oportuna a nuestras órdenes y requerimientos, máxime si están relacionadas con los procedimientos disciplinarios sobre su conducta profesional. *In re Pestaña Segovia*, 192 DPR 485 (2015); *In re Irizarry Irizarry*, 190 DPR 368 (2014).

Además, el Canon 12, *supra*, establece en lo pertinente que "[e]s deber del abogado hacia el tribunal, sus compañeros, las partes y testigos el ser puntual en su asistencia y conciso y exacto en el trámite y presentación de las causas". Entre otras cosas, le requiere "desplegar todas las diligencias necesarias para asegurarse de que no se causen dilaciones indebidas en la tramitación y solución del caso". *In re Pestaña Segovia*, supra; *In re Hernández González*, 188 DPR 721, 727 (2013). Por otro lado, el Canon 17, supra, indica, entre otras cosas, que la firma de un abogado en una alegación en un caso conlleva que este certifica que ha leído la alegación y que de acuerdo con su mejor conocimiento, información y creencia, está bien fundamentada y cuenta con evidencia para probarla. De lo contrario, este falla en actuar con la máxima diligencia que imponen los estándares éticos. *In re Guemárez Santiago*, supra.

Asimismo, tras comparecer ante un tribunal en representación de una parte, el abogado o la abogada no puede dejar de descargar su responsabilidad con la debida diligencia. Esto independientemente de la razón por la cual la asumió en primer lugar, pues la parte se convierte en su cliente y este tiene el deber de defender sus intereses diligentemente. *In re Iglesias García*, 183 DPR 572 (2011). Por lo tanto, este profesional no puede renunciar a esta responsabilidad sin antes obtener permiso del tribunal y tomar las medidas razonables y necesarias para evitar que se le causen perjuicios al cliente de conformidad con el Canon 20 que establece el procedimiento a seguir. *In re Pestaña Segovia*, supra; *In re Silverio Orta*, 117 DPR 14 (1986). Asimismo, tan pronto la renuncia es aceptada por el tribunal, los abogados están obligados a entregarle a su cliente el expediente y todo documento relacionado con el caso. *In re Villalba Ojeda*, 193 DPR ___ (2015), res. el 15 de octubre de 2015.

Por otro lado, el Canon 21 del Código de Ética Profesional, *supra*, impone a los miembros de la profesión legal completa lealtad hacia sus clientes y busca evitar que los abogados y las abogadas incurran en la representación de intereses encontrados.[14] *In re Aponte Duchesne*, 191 DPR 247 (2014); *In re Gordon Menéndez*, 183

---

[14] Cabe señalar que la prohibición del Canon 21 del Código de Ética Profesional, *supra*, se extiende tanto a la existencia real del conflicto como a conflictos aparentes que llevan consigo la semilla de un posible o potencial conflicto. *In re Aponte Duchesne*, 191 DPR 247 (2014)

DPR 628, 638 (2011). Varias situaciones se deben evitar bajo este canon. En primer lugar, no se debe aceptar aquella representación legal cuando esta pueda verse afectada por las expectativas o intereses personales del abogado. *In re Aponte Duchesne*, supra; *In re Gordon Menéndez*, supra, pág. 641; *In re Torres Viera*, 170 DPR 306, 311 (2007). Asimismo, se debe evitar tanto aceptar la representación legal simultánea de dos clientes con intereses contrapuestos, como aceptar la representación legal de un cliente en asuntos que puedan afectar cualquier interés de un cliente anterior. *In re Gordon Menéndez*, supra, págs. 639-641; *In re Torres Viera,* supra, pág. 311.

En cuanto al Canon 26, *supra*, dispone que "[e]l abogado debe obedecer siempre su propia consciencia y no la de su cliente". Además, este señala en lo pertinente, que es altamente impropio que un abogado aconseje transacciones o actos en contra de la ley, entable pleitos viciosos o instigue falsas defensas "sin que pueda el abogado justificar dichos actos con el pretexto de que al actuar así, lo hizo siguiendo las instrucciones de su cliente". *In re Guzmán Guzmán*, 181 DPR 495 (2011). Asimismo, el Canon 35, *supra*, dispone, en lo pertinente, que "[l]a conducta de cualquier miembro de la profesión legal ante los tribunales, para con sus representados y en las relaciones con sus compañeros debe ser sincera y honrada".

Por último, el Canon 38, dispone que los abogados y las abogadas deben "esforzarse, al máximo de su capacidad,

en la exaltación del honor y dignidad de su profesión, aunque el así hacerlo conlleve sacrificios personales y debe evitar hasta la apariencia de conducta profesional impropia". *In re Pestaña Segovia*, supra; *In re Iglesias García*, supra. Esto dado que "toda conducta contraria a las pautas éticas pone en entredicho las valiosas ejecutorias y beneficios a los cuales los profesionales del derecho han contribuido históricamente". *In re Iglesias García*, supra, pág. 577. Por ello, hemos señalado en innumerables ocasiones que "por ser los abogados el espejo donde se refleja la imagen de la profesión, éstos deben actuar con el más escrupuloso sentido de responsabilidad que impone la función social que ejercen". *In re Guemárez Santiago*, supra, citando a *In re Santiago Ríos*, 172 DPR 802, 822 (2007).

Por otro lado, al determinar la sanción disciplinaria que le impondremos a un abogado o abogada evaluamos, entre otras cosas, el previo historial del abogado, principalmente si se trata de una primera falta o de una conducta aislada. Asimismo, evaluamos si el abogado goza de buena reputación en la comunidad. También consideramos los daños causados a terceros como consecuencia de sus actuaciones antiéticas. Ello sin que se entienda que condonamos la conducta violatoria del Código de Ética Profesional bajo el pretexto de que no hubo mayores consecuencias. *In re Guzmán Guzmán*, supra.

Asimismo, debido a la función desempeñada por el Comisionado Especial, sus determinaciones fácticas merecen nuestra mayor deferencia. Esto pues, es quien celebra una vista para recibir la prueba y rinde un informe con sus conclusiones de Derecho. A pesar de no estar obligados a aceptar su informe en un procedimiento disciplinario contra un abogado, de ordinario sostendremos sus determinaciones de hecho, salvo que se demuestre prejuicio, parcialidad o error manifiesto. Id.

Con estos preceptos en mente, examinemos las conductas ante nuestra consideración.

### III

### A. Lcdo. Nicolás Ortiz Guevara

Al Lcdo. Nicolás Ortiz Guevara se le imputa haber violado los Cánones 20, 21 y 38 de Ética Profesional. Esto pues, quedó probado que renunció a la representación legal de la parte demandante y le entregó el expediente del caso antes de que el tribunal aceptara su renuncia expresamente. Mediante esta conducta, el licenciado Ortiz Guevara violó el Canon 20 del Código de Ética Profesional, *supra*, independientemente de que asumiera la representación del cliente para asistir a un colega con la expectativa de que fuera por un periodo de tiempo determinado. Asimismo, el licenciado Ortiz Guevara asumió simultáneamente la representación legal de dos (2) clientes en un mismo pleito (de la parte demandante y del Lcdo. Eugenio Rivera Lozada) con un conflicto de intereses potencial.

De conformidad con las normas aplicables resolvemos que el licenciado Ortiz Guevara incurrió en las violaciones imputadas.[15] No obstante, tras considerar las sanciones que hemos provisto en situaciones similares,[16] así como que es la primera vez que el licenciado Ortiz Guevara es sancionado disciplinariamente, que los clientes no se vieron perjudicados, que no medió ánimo de lucro en sus actuaciones, que este admitió las faltas incurridas y expresó arrepentimiento, entendemos adecuado censurar enérgicamente al licenciado Ortiz Guevara. No obstante, se le apercibe que de incurrir en el futuro en conducta que viole los Cánones de Ética Profesional estará sujeto a sanciones más drásticas.

**B. Lcdo. Eugenio Rivera Lozada**

Con relación al Lcdo. Eugenio Rivera Lozada, a este se le imputa haber violado los cánones 9, 12, 17, 21, 26, 35[17] y 38 del Código de Ética Profesional, *supra*. Al respecto, adoptamos el Informe del Comisionado Especial.

---

[15] Debemos señalar que en *In re Torres Viera*, 170 DPR 306 (2007), aclaramos que cuando un letrado o una letrada asume una representación simultánea adversa que implica un real o potencial conflicto de intereses entre dos de sus representaciones legales, se incurre en una conducta violatoria de los Cánones 21 y 38 del Código de Ética Profesional, *supra. In re Aponte Duchesne*, supra.

[16] *In re Aponte Duchesne*, 191 DPR 247 (2014), In re Gordon Menéndez, 183 DPR 628 (2011); *In re Torres Viera,* supra*; In re Ortiz Martínez,* 161 DPR 572 (2004)*; In re Monge García,* 173 DPR 379 (2008); *In re Silverio Orta*, 117 DPR 14 (1986).

[17] Con relación a la imputación de que el licenciado Rivera Lozada violó el Canon 35 al indicar falsamente que representaba a todos los miembros de las Sucesiones de Gregorio Maldonado y de Belén Hernández, el Comisionado Especial concluyó que no se probó ese cargo, pues no existe en el expediente evidencia clara, robusta y convincente de que el letrado ofreció información incorrecta sobre las personas que representaba. Tampoco existe evidencia clara, robusta y convincente de que presentó el recurso de apelación para poder cobrar sus honorarios.

El licenciado Rivera Lozada admitió implícitamente haber violado diversos cánones. Primero, violó el Canon 12. Esto por reconocer que no constató los hechos que le fueron narrados por la Sra. Carmen F. Morales Maldonado con el expediente antes de la presentación del recurso de apelación. Por ello, incumplió con el deber de ser conciso y exacto en la presentación de las causas. Segundo, infringió el Canon 17 al certificar con su firma información incorrecta, así como el deber de honradez y sinceridad recogido en el Canon 35. Tercero, violó el Canon 26 al presentar un recurso de apelación sin poder justificar dicho acto más allá de haber seguido las instrucciones de la clienta y no así su criterio profesional. Por otro lado, violó el Canon 21 por existir un conflicto de interés potencial al reasumir la representación legal de la parte demandante luego de haber presentado ante el Tribunal de Primera Instancia una moción para intervenir como parte en el procedimiento de forma que se fijaran sus honorarios y gastos. Por último, el licenciado Rivera Lozada violó los Cánones 9 y 35 al no cumplir rigurosamente con nuestra Orden de informar al Tribunal de Primera Instancia de su suspensión. Finalmente, concluimos que incurrió en violación al Canon 38 al incumplir con el deber de esforzarse al máximo de su capacidad al notificar bajo su firma en un escrito ante el tribunal una relación de hechos incorrecta.

Por los fundamentos antes expuestos, se suspende inmediata e indefinidamente del ejercicio de la abogacía al licenciado Rivera Lozada.

Asimismo, se le impone el deber de notificar a todos sus clientes de su inhabilidad para continuar representándolos, devolverles cualesquiera honorarios recibidos por trabajos no realizados e informar oportunamente de su suspensión a los foros judiciales y administrativos. Además, tienen la obligación de acreditar ante este Tribunal el cumplimiento con lo anterior, dentro del término de treinta (30) días a partir de la notificación de esta Opinión *Per Curiam* y Sentencia.

Se dictará Sentencia de conformidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

In re:

Lcdo. Nicolás Ortiz Guevara            CP-2014-6
Lcdo. Eugenio Rivera Lozada

SENTENCIA

En San Juan, Puerto Rico, a 21 de marzo de 2016.

Por los fundamentos antes expuestos, censuramos enérgicamente al Lcdo. Nicolás Ortiz Guevara. Se le apercibe que de incurrir en el futuro en conducta que viole los Cánones de Ética Profesional estará sujeto a sanciones más drásticas. Asimismo, se suspende inmediata e indefinidamente del ejercicio de la abogacía al Lcdo. Eugenio Rivera Lozada.

Asimismo, se le impone el deber de notificar a todos sus clientes de su inhabilidad para continuar representándolos, devolverles cualesquiera honorarios recibidos por trabajos no realizados e informar oportunamente de su suspensión a los foros judiciales y administrativos. Además, tienen la obligación de acreditar ante este Tribunal el cumplimiento con lo anterior, dentro del término de treinta (30) días a partir de la notificación de esta Opinión *Per Curiam* y Sentencia.

Lo acordó el Tribunal y certifica el Secretario del Tribunal Supremo.

Juan Ernesto Dávila Rivera
Secretario del Tribunal Supremo