*In re* EDELMIRO MARTÍNEZ, JR.

*Número:* O-77-334   *Resuelto:* 12 de diciembre de 1978

*Edelmiro Martínez, Jr.,* por su propio derecho.

PER CURIAM: En el pleito Civil Núm. CS-75-1192 del Tribunal Superior, Sala de Guayama, sobre ejecución de hipoteca la corporación demandante Inversiones de Puerto Rico y sus deudores esposos Alberto Curet y María Medina, demandados reconvinientes y a su vez demandantes contra los terceros Edelmiro Martínez Rivera, Edelmiro Martínez Jr. y J. L. Biamón Sánchez, sometieron una estipulación en la que los deudores demandados se allanan a la ejecución del crédito por estar vencido y exigible, desisten de su reconvención y demanda contra tercero y la acreedora Inversiones de Puerto Rico a su vez les entrega a los esposos Curet-Medina "la suma de $5,500.00 como compensación por cualquier derecho o interés que éstos tengan o puedan tener en el futuro en relación con cualquier mejora que se haya efectuado en la propiedad objeto de la presente acción." Convinieron, además, "que la

sentencia a dictarse bajo esta estipulación tendrá para las partes carácter de definitiva, final y firme y estará sujeta a hacerse efectiva mediante trámite de ejecución a partir de su fecha."

Dictóse sentencia ajustada a los términos de la estipulación y al solicitar la acreedora demandante ejecución de la misma, los deudores radicaron moción solicitando se enmendara (¹) la sentencia "a los fines de establecer claramente que la parte demandada no debe responder a la parte demandante de cualquier cantidad que quedare insoluta, ya que sería contrario a lo estipulado, por cuanto por vía de transacción recibió cierta suma de dinero y de acuerdo a los términos de la sentencia pudiera verse obligado a pagar al demandante una cantidad incierta que sería la diferencia entre el producto de la subasta y la sentencia." Se opusieron a la enmienda tanto los terceros demandados como la corporación demandante representada por su abogado Edelmiro Martínez, Jr. La sala de instancia oyó a las partes en vista oral sobre la propuesta enmienda y el 11 de agosto de 1977 resolvió así:

"La posición de la parte demandante-reconvencionada y terceros demandados es insostenible. El hecho de que la sentencia dictada esté basada en una estipulación de las partes con solicitud de que la misma sea final y firme, no la inmuniza contra procedimientos posteriores por cualquier razón válida en derecho. Si la pretensión de la parte promovente conllevara una negación o variación del contenido de la estipulación, entonces tendríamos que aplicar la doctrina de que a nadie es lícito ir contra sus propios actos; *International General Electric* vs. *Concrete Builders,*

---

(¹) Es obvio que la venta en subasta del inmueble hipotecado por un precio irrisorio o su adjudicación a la acreedora por valor inferior a su acreencia, dejaba a los demandados respondiendo por el balance impagado e inevitablemente anulaba las ventajas económicas de lo transado en la estipulación. Los opositores de la enmienda terminaron por allanarse a la misma a pesar de que el juicio señalado les brindaba una oportunidad de plena ventilación de los méritos de las respectivas posiciones de todas las partes envueltas en el litigio.

1976, CA-53, pág. 7; *Crossroads Development Corp.* vs. *Estado Libre Asociado de Puerto Rico,* 1975 CA-95, pág. 5. La solicitud de la parte demandada es a los efectos de que se enmiende la sentencia precisamente para armonizarla con la estipulación sometida. Específicamente nos pide dos remedios: primero, que se incluya en la sentencia una parte dispositiva en cuanto a los $5,500.00 que recibiera por vía de transacción y segundo, incluir una restricción a los efectos de limitar el alcance de la responsabilidad económica de los demandados hacia la demandante, al producto obtenido por la venta en pública subasta del inmueble objeto de la demanda. De este Tribunal no dejar sin efecto dicha sentencia, o de no conceder el remedio solicitado, puede darse el absurdo que la parte demandada tenga que reembolsar a la parte demandante una cantidad de dinero igual o mayor que la suma recibida por vía de transacción. Esto no puede ser la intención de dicha estipulación y los tribunales no están para consagrar absurdos. La finalidad del derecho es hacer justicia. En *Don Quixote Hotel* vs. *Tribunal Superior,* 100 D.P.R. 19, pág. 29, se dijo: 'Las ideas de justicia y equidad son esenciales y consustanciales a la noción del Derecho, el cual dejaría de cumplir sus finalidades morales y sociales si no aspirase a realizar la justicia y no una justicia abstracta y teórica sino una justicia realista y humana acorde a las circunstancias de cada caso.' No cumpliríamos con nuestra finalidad de hacer justicia si permitiéramos que la parte demandante pueda recobrar del demandado reconvencionista, más del importe que le pagara mediante transacción.

A tenor con lo anterior se deja sin efecto la sentencia dictada, se reabre el caso y se señala para vista en sus méritos el día 22 de noviembre de 1977, a las 8:30 de la mañana."

Contra esta Resolución que remitía a las partes al juicio plenario recurrió la demandante Inversiones de Puerto Rico, representada por su abogado Edelmiro Martínez, Jr. y el 22 de septiembre de 1977 denegamos el *certiorari* (Núm. O-77-334). Luego el 20 de octubre de 1977 denegamos su moción de reconsideración.

El 27 de octubre de 1977 el abogado Sr. Edelmiro Martínez, Jr., presentó el siguiente escrito en el expediente de *Certiorari* O-77-334:

"MOCIÓN DE RECONSIDERACIÓN

AL HONORABLE TRIBUNAL:

La demandante del epígrafe respetuosamente, solicita reconsideración de la Resolución de 20 de octubre de 1977 denegando la moción de reconsideración presentada en este caso.

Por entender que mediante su negativa a expedir el auto de certiorari solicitado en este caso, este Honorable Tribunal Supremo introduce en los procedimientos civiles la modalidad del chantaje judicial para obligar a una parte a renunciar derechos adquiridos que el juez actuante se niegue caprichosamente a reconocer, la demandante recurrente se allana a que este Honorable Tribunal ordene al Tribunal recurrido restituir la sentencia que dictó el 7 de marzo de 1977 con la enmienda que propusieron los demandados recurridos en su moción de 21 de marzo de 1977 a los efectos de aclarar que en el caso que la finca sea vendida por un precio inferior a los términos de la sentencia, la parte demandada quedará exonerada del pago de dicha suma de dinero.

En San Juan, Puerto Rico, hoy 26 de octubre de 1977.

CERTIFICO: Haber cursado por correo copia fiel y exacta de esta Moción de Reconsideración a los licenciados Antonio y Efraín Aponte Berdecía, Abogados de la parte demandada, a su dirección, G.P.O. Box Apartado 2227, San Juan, Puerto Rico, 00936.

Respetuosamente,

*(Fdo.) Edelmiro Martínez, Jr.*
Edelmiro Martínez, Jr.
Abogado de la Demandante
Inversiones de Puerto Rico
Avenida Domenech #112
Hato Rey, Puerto Rico 00918
Tels. 764-9306 y 763-8185."

El 17 de noviembre de 1977 denegamos esta segunda moción de reconsideración, y dictamos la siguiente orden para mostrar causa:

"Vistas las expresiones del abogado Sr. Edelmiro Martínez, Jr. en la moción de reconsideración por él suscrita y presentada el 27 de octubre pasado, ante este Tribunal dicho abogado tendrá

un término hasta el 9 de diciembre de 1977 para exponer las razones por las que no deba ser disciplinado."

■ El 8 de diciembre de 1977 el Lic. Edelmiro Martínez, Jr., presentó un titulado escrito sobre mostración de causa de nueve hojas cuyo contexto general es una reafirmación de las expresiones indecorosas y vulgares de su segunda moción de reconsideración, las cuales según él debe este Tribunal tomar como crítica y "acogerlas con gracia", y argumenta: "Este abogado mencionó la adopción del chantaje judicial. ¿Cómo puede legal y moralmente este Hon. Tribunal ofenderse o sancionar a este abogado que creyó que en el Tribunal Supremo de su país se le haría justicia?"

■ Dimos a este abogado una oportunidad de ser oído, confrontado con esciente infracción del Canon 9° de Ética Profesional en su prevención de que "[e]l abogado debe observar para con los tribunales una conducta que se caracterice por el mayor respeto"; y de la Regla 9 de Procedimiento Civil. (2) Su comparecencia no es más que una desafiante reiteración de su proceder antiético y prueba de que su lenguaje es el producto de reflexión y propósito deliberado de denigrar al Tribunal.

■ La conducta de este abogado constituye un agravio no sólo para la dignidad del Tribunal sino para la tradición de honor y respeto de la profesión jurídica de Puerto Rico. El signo de destemplanza en este miembro del Colegio de Abogados puede o no ser indicio de una deformación profunda y de una total inadaptabilidad a los Cánones de Ética que lo descualifican para seguir perteneciendo a la comunidad forense. Su conducta es una rara y muy infrecuente mancha en la larga historia del abogado puertorriqueño, esforzado en su

---

(2) La introducción de materias difamatorias e indecorosas y el uso de lenguaje ofensivo o soez en las alegaciones dará lugar a acción disciplinaria.

quehacer y celoso guardador en todo momento de la dignidad y prestigio de nuestros tribunales que son una e inseparables de la propia dignidad y prestigio de la profesión de abogado.

Atendemos a nuestro deber para con la profesión y los tribunales al sancionar la conducta irrespetuosa de este abogado, y sólo para propiciar la alternativa de que su ulterior reflexión sobre su grave falta le devuelvan la aptitud anímica para guiar por las normas de ética los años que le resten de actividad profesional, seremos benignos. Así alentamos una esperanza de rectificación y dejamos todavía a su decisión su propio futuro en la profesión de abogado.

*Se suspende al abogado Sr. Edelmiro Martínez, Jr., en el ejercicio de la profesión por término de tres meses, contados desde que reciba notificación de la presente.*

El Secretario de este Tribunal y la Administración de los Tribunales notificarán esta decisión a todas las Salas de Justicia.