*In re* CARLOS SIVERIO ORTA.

*Número:* 4855    *Resuelto:* 13 de febrero de 1986

16

**PER CURIAM:** El Procurador General nos ha rendido un informe sobre la conducta profesional del abogado Carlos E. Siverio Orta. Se desprende de dicho informe que el Sr. Juan Rivera Valencia se quejó de la falta de diligencia de los abogados Siverio Orta y Wilfredo Géigel cuando éstos lo representaron ante el Tribunal Superior, Sala de Arecibo, en el caso *Juan Rivera Valencia y otros* v. *Pablo Vélez Roldán*, Civil Núm. 83-15. La demanda en el caso se presentó el 31 de diciembre de 1983 y se desestimó el 29 de junio de 1984, debido a que la parte demandante no compareció, ni por sí, ni mediante representación legal, a pesar de que se le apercibió "que de no comparecer . . . se desestimaría" la misma.

De acuerdo con las declaraciones de estos abogados, el señor Rivera Valencia era cliente sólo del abogado Géigel. El abogado Siverio Orta compareció en dicho caso simplemente para ayudar al abogado Géigel, ya que los une una buena amistad, y estando sus oficinas en Arecibo, localizadas cerca del tribunal, a donde va a menudo, y las del abogado Géigel en Santurce, se le facilitaba acudir al tribunal. Las actuaciones

del abogado Siverio Orta se limitaron a firmar la demanda, (¹) presentar una moción en la cual sometía el arancel, y comparecer en distintas ocasiones al tribunal en sustitución y a petición del abogado Géigel. (²)

El 7 de junio de 1984 el abogado Géigel presentó una moción de renuncia de representación profesional, la cual el tribunal aceptó mediante resolución de fecha 20 de junio de 1984. Copia de esta resolución se le envió al señor Rivera Valencia. El abogado Siverio Orta nunca renunció a la representación profesional del señor Rivera Valencia.

En vista de todo lo anterior, concedimos al abogado Siverio Orta término para que mostrara causa por la cual no debía ser disciplinado. Éste compareció y reiteró que entre el señor Rivera Valencia y él "no hubo ningún contrato [de representación] profesional", ni medió pago de honorarios; que su participación se limitó a la "ayuda de un amigo y compañero . . . motivada por amistad y aprecio", y que el señor Rivera Valencia no quería que lo representara. Admitió que realizó ante el tribunal las actuaciones previamente reseñadas.

El Canon 26 del Código de Ética Profesional, 4 L.P.R.A. Ap. IX, C. 26, dispone que "[n]ingún abogado está obligado a representar a determinado cliente y es su derecho el aceptar o rechazar una representación profesional". Sin embargo, una vez el abogado comparece ante un tribunal en representación de una parte, no puede dejar de descargar su responsabilidad con la debida diligencia, independientemente de la razón por la cual la asumió. Bajo estas circunstancias la parte se convierte en su cliente ante el tribunal y frente a los Cánones de Ética y en esa gestión profesional tiene el deber de

---

(¹) La demanda fue redactada por el abogado Géigel.

(²) Estas comparecencias fueron relacionadas con incidentes de menor importancia, usualmente señalamientos que se suspendían.

"defender los intereses del cliente diligentemente, desplegando . . . su más profundo saber y habilidad y actuando en aquella forma que la profesión jurídica en general estima adecuada y responsable". Canon 18 (4 L.P.R.A. Ap. IX, C. 18). "El ejercicio de la práctica de la profesión de abogado requiere en todo momento celo, cuidado y prudencia" y no puede ni debe renunciar a esta responsabilidad sin antes obtener permiso del tribunal y tomar aquellas medidas razonables que sean necesarias para evitar que se le causen perjuicios al cliente.[3] *In re Rodríguez Torres*, 104 D.P.R. 758, 765 (1976).

■ Este enfoque también está consagrado en las Reglas de Procedimiento Civil, al destacar éstas la importancia de la firma de un abogado en los documentos que se presentan ante los tribunales. La Regla 9 dispone que esto "equivale a certificar el haber leído el escrito; que de acuerdo con su mejor conocimiento, información y creencia está bien fundado; y que no ha sido interpuesto para causar demora u opresión".[4] Véanse: *Montero Saldaña* v. *Amer. Motors Corp.*, 107 D.P.R. 452, 458 (1978); *In re Martínez, Jr.*, 108 D.P.R. 158, 163 (1978).

■ La función de los abogados como uno de los componentes esenciales del sistema adversativo de impartir justicia, como oficiales del tribunal, está revestida de gran interés público y genera obligaciones y responsabilidades duales para con su cliente y para con el tribunal en la administración de la justicia. Esto les impone el deber de asegurarse que sus actuaciones en todos los casos en que intervienen estén encami-

---

[3] El abogado tiene que adoptar aquellas medidas que sean necesarias "para no dejar en estado de indefensión a un representado y no causar dilación a los procesos en los tribunales". *In re Ávila, Jr.*, 109 D.P.R. 440, 454 (1980).

[4] Esta regla también provee que un incumplimiento de estas disposiciones dará lugar a la imposición de sanciones.

nadas a lograr que las controversias se resuelvan de una manera justa, rápida y económica. Regla 1 de las de Procedimiento Civil, 32 L.P.R.A. Ap. III, R. 1. Para el adecuado funcionamiento del sistema judicial es indispensable que los abogados cumplan fiel y cabalmente con estas obligaciones. Recientemente expresamos: " 'La misión de los abogados en la sociedad es altamente noble, pues están llamados a auxiliar a la recta administración de justicia. En ellos confían, no sólo las partes interesadas en los pleitos, sino las cortes mismas.' " *In re Boscio Monllor*, 116 D.P.R. 692, 698 (1985) ; *In re Díaz*, 16 D.P.R. 82, 92 (1910).

■■■ Los sentimientos de amistad, aunque laudables, no pueden interferir con el deber del abogado para con la justicia y el buen funcionamiento del sistema judicial. Una vez el abogado Siverio Orta firmó y presentó la demanda asumió ante el tribunal la responsabilidad indelegable de llevar a cabo esa gestión profesional con el más alto grado de diligencia y competencia posible. Este deber no cesaba hasta que el tribunal lo relevara del mismo al aceptar la renuncia.[5] Su responsabilidad como abogado para con el tribunal no dependía ni podía depender de las circunstancias bajo las cuales asumió la representación profesional.

■■ Tomando en consideración que las actuaciones del abogado Siverio Orta fueron motivadas por la equivocada creencia de que el señor Rivera Valencia no era su cliente, creencia que también compartía este señor, y que su proceder no se debió a incompetencia o desidia, *lo amonestamos y advertimos que en el futuro este Tribunal no tolerará este tipo de conducta y aplicará sanciones disciplinarias severas para asegurarse que se cumplan con los postulados de los Cánones*

---

[5] "La moción de renuncia de representación es una solicitud . . . que propone [las] razones para que se [permita] al abogado desligarse del caso." *Matos* v. *Metropolitan Marble Corp.*, 104 D.P.R. 122, 125 (1975).

*18 y 20.*(6) *El adecuado funcionamiento del sistema judicial exige que todos su integrantes cumplan fielmente con los postulados éticos y es el deber de este Tribunal asegurarse de que así sea.*

*Se dictará sentencia de conformidad con lo antes expuesto.*

---

(6) Todo esto es sin menoscabo de la acción que pudieran tener las personas perjudicadas, si alguna, contra los abogados Géigel y Siverio Orta. *Colón Prieto* v. *Géigel,* 115 D.P.R. 232 (1984).