PER CURIAM:
I
El Ledo. Jesús Faisel Iglesias García (licenciado Iglesias García) fue admitido al ejercicio de la abogacía el 27 de junio de 2000 y prestó juramento como notario el 8 de enero de 2003. El 18 de junio de 2010 la Procuradora General presentó contra este una querella sobre conducta profesional.
La querella surge tras el procedimiento judicial en Pueblo de Puerto Rico v. Eliezer Santana Báez, Crim. Núms. KVI2004G0081 y KLA2004G0600, ante el Tribunal de Pri-mera Instancia, Sala de San Juan, del que el Sr. Eliezer Santana Báez (señor Santana Báez) fue hallado culpable de asesinato y otros delitos graves. El 28 de enero de 2008, este presentó una Queja contra el licenciado Iglesias García. El señor Santana Báez alegó que el licenciado Igle- *574 sias García fue su abogado de oficio junto con el Ledo. Arturo Dávila Toro, y que, a pesar de ser su abogado de oficio, le solicitó diez mil dólares para representarlo en apelación. Indicó que le pidió un adelanto de cuatro mil dólares para la transcripción del caso y su evaluación. Además, señaló que durante el juicio, el licenciado Iglesias García tomaba anotaciones que no se relacionaban con el proceso, sino con la publicación de un libro.
En su Contestación a la Queja, el licenciado Iglesias García expresó que no fue designado por el tribunal como abogado de oficio para el caso ni contratado por el señor Santana Báez; que no recibió dinero de este ni de sus fa-miliares; que solo asistió al licenciado Dávila Toro, y que en determinados actos formales —tales como la lectura de acusación y Sentencia— lo sustituyó. Además, negó que se dedicara a escribir una novela durante el juicio.
El expediente fue entonces remitido a la Procuradora General para su investigación e Informe. Este fue emitido el 18 de noviembre de 2008. La Procuradora General reco-noce en el Informe que la Sentencia emitida el 13 de diciembre de 2004 en Pueblo de Puerto Rico v. Eliezer Santana Báez, supra, indica que el licenciado Iglesias García compareció en sustitución del licenciado Dávila Toro. No obstante, en múltiples Minutas del Tribunal de Primera Instancia se refleja que el licenciado Iglesias García fue abogado de oficio del señor Santana Báez. Por lo tanto, concluye del examen de los documentos judiciales que el licenciado Iglesias García fue abogado del señor Santana Báez en los casos criminales y que sería impropio para un abogado de oficio solicitar dinero como honorarios o para cubrir los gastos de presentación en una apelación de acuerdo con la Regla 24 del Reglamento para la Asignación de Abogados o Abogadas de Oficio en Procedimientos de Naturaleza Penal, 4 L.P.R.A. Ap. XXVIII, así como los Cá-nones 35 y 39 del Código de Ética Profesional, 4 L.P.R.A. Ap. IX.
*575 Luego de examinar la contestación del licenciado Igle-sias García al Informe, instruimos a la Procuradora General que presentara la querella correspondiente conforme lo señalado en su Informe. De esta forma, el 18 de junio de 2010, la Procuradora General presentó una querella sobre conducta profesional contra el licenciado Iglesias García por violaciones a los Cánones 35 y 38 de Etica Profesional, 4 L.P.R.A. Ap. IX.
La Querella le imputa al licenciado Iglesias García haber violado el Canon 35 del Código de Etica Profesional, supra, por no ser exacto, correcto y sincero en sus alegaciones den-tro del proceso de investigación, así como violación el Canon 38 del Código de Etica Profesional, supra, por incurrir en conducta o apariencia de conducta impropia dentro del trá-mite realizado como parte de la investigación.
El licenciado Iglesias García presentó su contestación a las alegaciones expuestas en la Querella y reiteró sus ex-presiones previas.
Así las cosas, el 9 de marzo de 2011 designamos al Hon. German Brau como Comisionado Especial. Luego de la ce-lebración de una vista evidenciaría el 14 de junio de 2011, el Comisionado Especial rindió su Informe.
Entre las determinaciones de hecho, el Comisionado Especial nos señala que el tribunal designó al Ledo. Arturo Dávila Toro como abogado de oficio para evitar el archivo de los cargos por violación a los términos de juicio rápido. Esto tras un patrón en el que el señor Santana Báez solicitaba la renuncia de los abogados que contrataba. Dada la compleji-dad del caso, el licenciado Dávila Toro le pidió al licenciado Iglesias García que lo asistiera. Así las cosas, el expediente refleja que este compareció en distintos momentos ante el tribunal asumiendo la representación del acusado conjunta-mente con el licenciado Dávila Toro. No obstante, tuvo una participación secundaria en los procedimientos.
Además, el Comisionado Especial dio credibilidad al tes-timonio del licenciado Iglesias García en cuanto a que no *576 solicitó un pago de diez mil dólares para representar al señor Santana Báez en apelación, así como a que nunca contrató con este ni interactuaron significativamente.(1) Sin embargo, durante la investigación ordenada por este Tribunal el licenciado Iglesias García mostró que no había sido abogado del señor Santana Báez en el proceso, y re-afirmó esta expresión en un escrito posterior y en su com-parecencia ante el Comisionado Especial. Por ello se le im-putan los cargos de la Querella.
En cuanto a los cargos por violación a los Cánones 35 y 38 del Código de Ética Profesional, supra, el Comisionado Especial concluyó que surge del historial que el licenciado Iglesias García se identificó como abogado del señor Santana Báez ante el Tribunal de Primera Instancia. Por lo tanto, quedó sujeto al descargo de todas las obligaciones éticas y legales que impone nuestro ordenamiento al abo-gado de una parte. No obstante, concluye que su conducta respondió a un error de interpretación y no a una violación ética deliberada para encubrir su conducta. Esto, pues el licenciado Iglesias García entendió que no recibió una de-signación del tribunal para actuar como abogado de oficio y que su función se limitó a asistir gratuitamente al licen-ciado Dávila Toro. Ante este error y por no haber sido dis-ciplinado previamente, así como por estar asistiendo al tribunal sin remuneración alguna, recomienda que no se sancione por ninguno de los dos cargos presentados.(2)
*577 Posteriormente, en su Escrito en Reacción al Informe del Comisionado Especial, pág. 1, la Procuradora General señala que la conducta del licenciado Iglesias García sos-tiene las imputaciones éticas, pues “[c]on sus expresiones superficiales y evasivas, obstaculizó y retrasó el trámite y evaluación de la referida queja”. Añade que su conducta no puede ser excusada por una alegada mala interpretación u error de juicio de su parte.
Contando con el beneficio del Informe del Comisionado Especial y el de la Procuradora General, así como las con-testaciones del licenciado Iglesias García, procedemos a analizar las normas aplicables.
i — I I — I
El Canon 38 del Código de Ética Profesional, supra, dispone que el abogado o la abogada debe “esforzarse, al máximo de su capacidad, en la exaltación del honor y dignidad de su profesión ... y debe evitar hasta la apariencia de conducta profesional impropia”. Esto, pues, toda conducta contraria a las pautas éticas pone en entredicho las valiosas ejecutorias y beneficios a los cuales los profesionales del derecho han contribuido históricamente. In re Curras Ortiz, 174 D.P.R. 502 (2008).
Asimismo, el Canon 35 del Código de Ética Profesional, supra, establece, en lo pertinente, que:
La conducta de cualquier miembro de la profesión legal ante los tribunales para con sus representados y en las relaciones con sus compañeros debe ser sincera y honrada.
No es sincero ni honrado el utilizar medios que sean incon-sistentes con la verdad ni se debe inducir al juzgador a error utilizando artificios o rma falsa relación de los hechos o del derecho.
Al respecto, hemos expresado reiteradamente que la conducta de un abogado o una abogada debe ser sincera y honrada frente a todos y ante todo tipo de acto. In re Pons *578 Fontana, 182 D.P.R. 300 (2011); In re Collazo Sánchez, 159 D.P.R. 769 (2003). En esencia, se infringe este deber por el simple hecho de faltar a la verdad, independientemente de los motivos de la falsedad, pues no es necesario que se haya faltado a la verdad deliberadamente o con la inten-ción de defraudar o engañar. In re Nieves Nieves, 181 D.P.R. 25 (2011); In re Curras Ortiz, supra; In re Astado Caraballo, 149 D.P.R. 790 (1999). Sin embargo, estas cir-cunstancias pesan en nuestro ánimo al determinar la san-ción disciplinaria que se impondrá al abogado.
Asimismo, el Canon 35 aplica también al proceso inves-tigativo dentro del proceso disciplinario, pues como hemos expresado, este se infringe tanto al negarse a cumplir con los requerimientos de este Tribunal como los del Procura-dor General para impedir que se descubra la magnitud de los desvíos éticos. Id.
Con estos preceptos en mente, examinemos la contro-versia ante nuestra consideración.
( — H f — i h — i
En primer lugar, debemos señalar que este Tribunal examina solamente la conducta del licenciado Iglesias Gar-cía durante el procedimiento de investigación disciplinaria, pues adoptamos las determinaciones de hecho presentadas por el Comisionado Especial. Estas merecen nuestra mayor deferencia. In re Rodríguez Feliciano, 165 D.P.R. 565, 579 (2005).
No obstante, cabe señalar que “una vez el abogado comparece ante un tribunal en representación de una parte, no puede dejar de descargar su responsabilidad con la debida diligencia, independientemente de la razón por la cual la asumió”. In re Siverio Oria, 117 D.P.R. 14, 17 (1986). Esto sin importar la falta de contrato y de pago de honorarios por el representado o de haber comparecido para ayudar a un compañero. Id. Por lo tanto, el licenciado *579 Iglesias García fue representante del señor Santana Báez ante el tribunal, aunque entendiera lo contrario.
Dicho esto, el primer cargo de la Querella imputa al licenciado Iglesias García haber violado el Canon 35 del Código de Etica Profesional, supra, por no ser exacto, co-rrecto ni sincero en sus alegaciones dentro del proceso de investigación. En cuanto al segundo cargo, se le imputa incurrir en conducta o apariencia de conducta impropia dentro del trámite realizado como parte de la investiga-ción, en violación al Canon 38 del Código de Etica Profesio-nal, supra.
El Comisionado Especial determinó que el licenciado Iglesias García fungió ante el tribunal como abogado del quejoso y quedó sujeto a todas las obligaciones éticas y legales que ello conllevaba. No obstante, entendió que la información incorrecta que ofreció a la Procuradora General respondió a una interpretación errada y no deliberada, común entre los miembros del foro criminal de nuestro país. Por ello concluyó que el licenciado Iglesias García no incurrió en una violación deliberada de los Cánones 35 y 38, y recomienda que no se le sancione.
En conformidad con las normas aplicables, resolvemos que el licenciado Iglesias García incurrió en violaciones a los Cánones 35 y 38 del Código de Ética Profesional, pues basta el hecho de faltar a la verdad —sin intención algu-na— en el proceso investigativo dentro del proceso disciplinario. En este caso el licenciado Iglesias García faltó a la verdad por desconocimiento de que, ante el tribunal y para con el cliente, fue abogado del señor Santana Báez.
No obstante, entendemos adecuado amonestar al licen-ciado Iglesias García. Esto ante la credibilidad que le me-reció al Comisionado Especial el testimonio del licenciado Iglesias García sobre la falta de una actuación deliberada para inducir a error o complicar innecesariamente la in-vestigación ordenada por el Tribunal Supremo. Todas estas *580 razones nos hacen tomar este curso de acción, a diferencia de lo determinado en In re Pons Fontana, supra. Además, pesa en nuestro ánimo que esta es la primera vez que el licenciado Iglesias García es sancionado disciplinariamente. No obstante, se le apercibe que de incurrir en el futuro en una conducta que viole los cánones del Código de Etica Pro-fesional, estará sujeto a sanciones más drásticas.
IV
Por los fundamentos expuestos, amonestamos al licen-ciado Iglesias García por su conducta. De igual forma, se le apercibe que de repetirse esta conducta estará sujeto a sanciones más drásticas.

Se dictará Sentencia de conformidad.

La Juez Asociada Asociada Señora Rodríguez Rodríguez no intervino.

 De igual forma, el Informe del Comisionado Especial nos indica que la Ofi-cina de la Procuradora General rechazó que este hubiera solicitado un pago de diez mil dólares para representar al señor Santana Báez en apelación.

 La Procuradora General cuestiona la determinación del Comisionado Especial en cuanto a que el Ledo. Jesús Faisel Iglesias García lleva treinta y dos años en la profesión sin haber sido sancionado por motivos éticos, cuando este fue admitido como abogado en esta jurisdicción en el 2000. No obstante, el Comisionado Especial tomó en consideración la totalidad de la vida profesional del licenciado Iglesias García. Dado que la determinación está sostenida en el expediente y por no haberse demostrado pasión, prejuicio, parcialidad o error manifiesto en su apreciación, no intervendremos con ella. Véanse: In re Curras Ortiz, 174 D.P.R. 502 (2008); In re Rodríguez Feliciano, 165 D.P.R. 565 (2005).