EN EL TRIBUNAL SUPREMO DE PUERTO RICO

| In re: | |
|---|---|
| | 2026 TSPR 12 |
| Héctor R. Cuprill Hernández (TS-4,191) | 217 DPR ___ |

Número del Caso: CP-2019-0009

Fecha: 2 de febrero de 2026

Oficina del Procurador General:

    Lcda. Lorena Cortés Rivera
    Procuradora General Interina

    Lcda. Mabel Sotomayor Hernández
    Subprocuradora General

    Lcdo. Omar Andino Figueroa
    Subprocurador General

    Lcda. Noemí Rivera De León
    Procuradora General Auxiliar

    Lcda. Yaizamarie Lugo Fontánez
    Procuradora General Auxiliar

Representantes legales del querellado:

    Lcdo. Charles A. Cuprill Hernández
    Lcdo. Rubén T. Nigaglioni

Comisionada Especial:

    Hon. Ygrí Rivera Sánchez

Materia: Conducta Profesional – Censura enérgica y apercibimiento por violación a los Cánones 9, 12, 18 y 20 del Código de Ética Profesional.

Este documento está sujeto a los cambios y correcciones del proceso de compilación y publicación oficial de las decisiones del Tribunal Supremo. Su distribución electrónica se hace como un servicio público a la comunidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

In re:

Héctor R. Cuprill Hernández     CP-2019-0009     Conducta
      (TS-4,191)                                 Profesional

PER CURIAM

En San Juan, Puerto Rico, a 2 de febrero de 2026.

Nuevamente ejercemos nuestra facultad disciplinaria para evaluar la *Querella* presentada en contra del Lcdo. Héctor R. Cuprill Hernández por violar los Cánones 9, 12, 18 y 20 de los Cánones de Ética Profesional, *infra*. En virtud de los fundamentos que expondremos a continuación, **censuramos enérgicamente** la actuación del letrado y le **apercibimos** que, de incurrir nuevamente en conducta contraria a los postulados que rigen la profesión legal, se expone a sanciones disciplinarias más severas. Veamos.

**I**

El Lcdo. Héctor R. Cuprill Hernández (licenciado Cuprill Hernández o promovido) fue admitido al

ejercicio de la abogacía en Puerto Rico el 20 de febrero de 1973. El licenciado Cuprill Hernández también está admitido a la práctica de la abogacía en el estado de Florida desde el 1986. Además, el promovido está admitido a postular ante las cortes federales del Distrito de Puerto Rico y del Middle District of Florida, así como ante las cortes federales de apelación para el Primer y el Undécimo Circuitos. Por último, este está admitido a postular ante el Tribunal Supremo de los Estados Unidos.

La *Querella* que hoy atendemos emana de la relación entre el promovido y el Dr. Pedro Farinacci Morales (doctor Farinacci Morales o promovente). No obstante, según surge del expediente, las partes gozaban de una relación personal mucho antes de que se materializara la relación profesional que resultó en este proceso disciplinario. Con ello en mente, pasemos a un recuento fáctico del procedimiento ante el Tribunal de Primera Instancia.

El licenciado Cuprill Hernández comenzó a representar al doctor Farinacci Morales en el 2002. Preliminarmente, estos procedimientos judiciales culminaron el 18 de julio de 2008 con una *Sentencia* por estipulación transaccional.[1] Sin embargo, el 27 de enero de 2014 esa *Sentencia* quedó relevada por una *Sentencia Parcial* que dejó sin efecto el acuerdo

---

[1] *Ada Lugo Paz v. Island X-Ray, Inc.*, Caso Núm. D PE1993-0015, consolidado con D PE2002-0470 y D PE 2002-0471 (Una serie de procedimientos judiciales relacionados a la compraventa de un negocio de radiología, Island X-Ray Inc., en Coamo, Puerto Rico, desde el 2002 hasta el 31 de enero de 2018, fecha en la que el Tribunal de Primera Instancia (TPI) aceptó la renuncia del licenciado Cuprill Hernández a la representación legal del doctor Farinacci Morales).

transaccional.[2] Por tal razón, el promovido reanudó la representación del doctor Farinacci Morales luego del relevo de sentencia.

Así las cosas, el licenciado Cuprill Hernández solicitó la reconsideración de la *Sentencia Parcial* el 12 de febrero de 2014. El foro primario emitió una *Resolución* el 18 de febrero de 2014 en la que denegó la reconsideración. Por tal razón, el licenciado recurrió al Tribunal de Apelaciones y solicitó que revocara la decisión del Tribunal de Primera Instancia, pero este dictó una *Sentencia* en la que desestimó el recurso por falta de jurisdicción el 27 de junio de 2014. El Tribunal de Apelaciones denegó la reconsideración de la misma el 15 de agosto de 2014.

Posteriormente, el 16 de septiembre de 2014, el Lcdo. Aramil García Fuentes (licenciado García Fuentes), representante legal de la parte opuesta al doctor Farinacci Morales, presentó una moción ante el Tribunal de Primera Instancia en la que solicitó que se le ordenara al promovente a producir todo documento financiero relacionado al negocio objeto de la compraventa del 2002. Es decir, el licenciado Cuprill Hernández conocía de la solicitud de producción de documentos dirigida al doctor Farinacci Morales desde septiembre 2014.

Inconforme con la determinación del Tribunal de Apelaciones del 27 de junio de 2014, el 23 de septiembre de 2014, el licenciado Cuprill Hernández recurrió ante este

---

[2] *Ada Lugo Paz v. Island X-Ray, Inc.,* supra.

Foro y solicitó la revocación de la determinación del Tribunal de Apelaciones. Sin embargo, no expedimos el recurso. Como resultado de ello, el licenciado Cuprill Hernández sometió una *Reconsideración y Segunda Reconsideración*, y ambas fueron denegadas en marzo del 2015.

Todavía en espera de la producción de documentos, el 1 de octubre de 2015, el licenciado García Fuentes solicitó nuevamente al Tribunal de Primera Instancia que ordenara al doctor Farinacci Morales a que produjera los documentos financieros relacionados al negocio de radiología objeto de la compraventa del 2002. Como corolario, el 5 de octubre de 2015, el foro de primera instancia emitió una *Orden* concediéndole quince días al promovente para que expusiera su posición en torno a la solicitud de los documentos y esta fue notificada al promovido.

El 14 de octubre de 2015, el licenciado Cuprill Hernández, en representación del doctor Farinacci Morales, presentó una oposición a la solicitud de producción de documentos. Acto seguido, el 16 de octubre de 2015, el tribunal dictó una *Orden* en la que determinó que la moción en oposición que presentó el licenciado Cuprill Hernández sería discutida en una vista señalada para el 22 de enero de 2016.

El 17 de noviembre de 2015, la parte opuesta al doctor Farinacci Morales compareció al Tribunal de Primera Instancia por derecho propio para solicitar, nuevamente, los documentos financieros relacionados a la compraventa del 2002. No obstante, el Tribunal de Primera Instancia emitió una *Orden* en la que le ordenó a la parte a que compareciera a través de

su representación legal. Por esto, el licenciado García Fuentes compareció el 4 de diciembre de 2015 por conducto de una *Solicitud de producción de documentos* dirigida al doctor Farinacci Morales. Sin embargo, debido a que no obtuvo respuesta, el 23 de diciembre de 2016 compareció nuevamente el licenciado García Fuentes ante el foro primario y argumentó que había transcurrido el término para contestar la solicitud de producción de documentos enviada al promovente. El 13 de enero de 2016, el Tribunal de Primera Instancia dictó una *Orden* en la que le concedió diez días al doctor Farinacci Morales para que expusiera su posición sobre la producción de documentos. Este esperó hasta la vista señalada para el 22 de enero de 2016 para expresarse sobre la misma.

El 9 de diciembre de 2015, el licenciado Cuprill Hernández y el doctor Farinacci Morales se reunieron para discutir los asuntos pendientes ante el Tribunal de Primera Instancia. En esta reunión, el promovido le informó al promovente que ciertos eventos personales seriamente limitaron las posibilidades de que este pudiera seguir representándolo legalmente. Por razones de salud y edad, el promovido estaba disminuyendo su carga profesional y solo aceptaba casos en Ponce, la ciudad donde tenía su bufete. Además, desde el 2013 el licenciado Cuprill Hernández acompañaba a su esposa a Florida para sus tratamientos de cáncer y, por la intensificación de estos, el promovido cambió su residencia a Florida.

Como resultado de lo anterior, el licenciado Cuprill Hernández le recomendó al doctor Farinacci Morales que

contratara al Lcdo. Norberto Colón Alvarado (licenciado Colón Alvarado) y así lo hizo. No obstante, **el licenciado Cuprill Hernández se mantuvo en el caso, a insistencias del doctor Farinacci Morales, por su conocimiento de los detalles del caso y para evitar que por ello se le atribuyera una connotación que le pudiera resultar negativa al promovente.** El licenciado Cuprill Hernández, el licenciado Colón Alvarado y el doctor Farinacci Morales se reunieron el 20 de enero de 2016 para finalizar la contratación del licenciado Colón Alvarado.

El 22 de enero de 2016 se celebró una vista sobre el estado de los procedimientos de los casos en contra del doctor Farinacci Morales. A esa vista compareció el licenciado Cuprill Hernández y expresó que el doctor Farinacci Morales había contratado al licenciado Colón Alvarado para que se uniera a su representación legal y lo representara en conjunto con él. El promovido hizo un recuento del caso, pero el tribunal no hizo determinación alguna sobre el descubrimiento de prueba o la producción de documentos solicitados.

El 3 de marzo de 2016, volvió a comparecer el licenciado García Fuentes para notificarle al foro de primera instancia que el doctor Farinacci Morales no presentó su oposición a la solicitud de producción de documentos, ni produjo los documentos solicitados. Como resultado, el 4 de marzo de 2016, el tribunal emitió una *Orden* en la cual impuso una multa de $100 al doctor Farinacci Morales por incumplir con el descubrimiento de prueba y le concedió diez días para suplir

la documentación, "so pena de sanciones adicionales".[3] La *Orden* fue notificada al licenciado Cuprill Hernández.

Posteriormente, el promovido le envió un correo electrónico al licenciado Colón Alvarado remitiéndole la *Orden* dictada por el Tribunal de Primera Instancia que le impuso $100 en sanciones al doctor Farinacci Morales por incumplir el descubrimiento de prueba. El licenciado Cuprill Hernández le informó al licenciado Colón Alvarado que la *Orden* le llegó por correo regular y recomendó presentar una moción de prórroga y/o de reconsideración.

El 18 de marzo de 2016, el licenciado Colón Alvarado presentó dos mociones: *Moción asumiendo representación del doctor Farinacci Morales* y *Moción consignando sanciones*, en la que informó que asumió la representación legal del doctor Farinacci Morales y, además, consignó los $100 de multa impuestos a este. El 21 de marzo de 2016, el Tribunal de Primera Instancia emitió una *Orden* en la que aceptó la representación legal del licenciado Colón Alvarado en representación del doctor Farinacci Morales. Además, el licenciado Cuprill Hernández envió un correo electrónico al licenciado Colón Alvarado con un borrador de la moción de reconsideración titulada *Solicitud para que se reconsidere y se deje sin efecto orden relativa a discovery* y el licenciado Colón Alvarado, en representación del doctor Farinacci Morales, presentó el escrito el 28 de marzo de 2016.

---

[3] Apéndice del *Informe del Procurador General*, pág. 3.

El 23 de mayo de 2016, el Tribunal de Primera Instancia emitió una *Resolución* en la que denegó la solicitud de reconsideración presentada por el doctor Farinacci Morales y le concedió quince días para contestar la solicitud de documentos, "so pena de $250.00 en sanciones".[4]

El 21 de junio de 2016, el licenciado García Fuentes, presentó una *Moción en solicitud de remedios* en la que informó que el doctor Farinacci Morales incumplió con la *Orden* que el foro primario emitió el 23 de mayo de 2016, ya que no había contestado la solicitud de producción de documentos. Además, este solicitó que se le impusiera la sanción de $250 que le fue advertida en la referida *Orden*. El 22 de junio de 2016 el Tribunal de Primera Instancia emitió una *Orden* en la que le concedió diez días al promovente para que expusiera su posición en torno a la *Moción en solicitud de remedios*.

El 27 de junio de 2016 el licenciado Colón Alvarado, en representación del doctor Farinacci Morales, presentó un recurso de *Certiorari* ante el foro apelativo intermedio para dejar sin efecto la *Resolución* emitida por el Tribunal de Primera Instancia que ordenó la producción de los documentos solicitados. Sin embargo, el 14 de septiembre de 2016 el Tribunal de Apelaciones desestimó el recurso por no haber notificado el recurso a los recurridos, conforme a la Regla 33(B) del Reglamento del Tribunal de Apelaciones, 4 LPRA Ap. XXII-B.

---

[4] Apéndice del *Informe del Procurador General*, pág. 14.

El 16 de noviembre de 2016, el licenciado García Fuentes, nuevamente, presentó una *Moción en solicitud de remedios* en la que expresó que el promovente aún no había producido los documentos solicitados. Esta moción fue notificada al promovente y a su representación legal, pero estos no contestaron. Por esto, el 13 de diciembre de 2016, el Tribunal de Primera Instancia emitió una *Orden* en la que le impuso al licenciado Cuprill Hernández $250 en sanciones por el incumplimiento con el descubrimiento de prueba y con las órdenes del tribunal. En esta, le concedió un término de quince días para sufragar las sanciones y contestar la solicitud de producción de documentos, so pena de la eliminación de las alegaciones y anotación de rebeldía.

El 27 de diciembre de 2016, el licenciado Colón Alvarado, en representación del doctor Farinacci Morales, presentó una *Moción consignando sanciones*, mediante la cual pagó la sanción de $250 dólares impuesta, pero no produjo los documentos solicitados.

El 15 de febrero de 2017, el Tribunal de Primera Instancia dictó una *Resolución* en la que le anotó la rebeldía al doctor Farinacci Morales y eliminó sus alegaciones por no haber producido los documentos solicitados. Esta *Resolución* fue notificada al doctor Farinacci Morales y a sus abogados, los licenciados Cuprill Hernández y Colón Alvarado. El promovente recurrió al Tribunal de Apelaciones para que dejara sin efecto la *Resolución* emitida por el foro primario, pero esta fue denegada el 5 de junio de 2017.

Aún en incumplimiento, el 21 de julio de 2017, el Tribunal de Primera Instancia emitió *Resolución* en la que, entre otras cosas, concedió diez días al doctor Farinacci Morales para que mostrara causa por la que no se debían imponer sanciones y/o encontrar incurso en desacato por su reiterado incumplimiento en producir los documentos que fueron requeridos. Esta orden fue notificada a los licenciados Cuprill Hernández y Colón Alvarado, como representantes legales del doctor Farinacci Morales. Estos no contestaron la orden.

El 29 de agosto de 2017 el Tribunal de Primera Instancia celebró una vista para que los abogados se reunieran y dialogaran sobre el descubrimiento de prueba pendiente. En esta, las partes acordaron reunirse en una fecha posterior e informar al tribunal sobre lo ocurrido en la reunión. Sin embargo, el doctor Farinacci Morales no produjo la documentación solicitada.

Como resultado de lo anterior, el 14 de diciembre de 2017 el doctor Farinacci Morales presentó una queja ante el Tribunal Supremo en la que sostuvo que el reiterado incumplimiento del licenciado Cuprill Hernández en contestar el requerimiento de producción de documentos provocó que el Tribunal de Primera Instancia le impusiera tres sanciones. El promovente indicó que el 2 de febrero de 2017 este le entregó al licenciado Colón Alvarado la primera parte de los documentos solicitados y luego entregó la segunda parte el 14 de febrero de 2017. Sostuvo que, a pesar de esto, el foro primario emitió la *Resolución* del 15 de febrero de 2017, en

la que le anotó la rebeldía y le eliminó las alegaciones. El doctor Farinacci Morales argumentó que la conducta y falta de diligencias del licenciado Cuprill Hernández lo colocaron en una posición de indefensión, causándole profunda consternación, preocupación y sufrimiento.

Posterior a la queja, el 16 de enero de 2018, el licenciado Cuprill Hernández presentó una moción de renuncia a la representación legal del doctor Farinacci Morales. El tribunal dictó *Orden* el 31 de enero de 2018 dónde aceptó la renuncia del licenciado Cuprill Hernández.

El 15 de marzo de 2018 el promovido contestó la queja en su contra y negó las alegaciones del doctor Farinacci Morales. **El licenciado Cuprill Hernández sostuvo que el promovente se negó a producir los documentos solicitados, resultando en los incumplimientos ante las órdenes del tribunal.** Es decir, este argumenta que es poco creíble que el promovente desconocía sobre las órdenes relacionadas a la producción de documentos. El promovido confirmó sus aseveraciones mediante mensajes de textos enviados al doctor Farinacci Morales que demuestran comunicación entre las partes sobre la producción de los documentos solicitados. Además, enfatizó que este no le cobró al doctor Farinacci Morales por sus servicios desde que el licenciado Colón Alvarado se unió a la representación legal.

El 10 de septiembre de 2018 recibimos un *Informe del Procurador General* en el que confirmó los hechos procesales y le imputó al licenciado Cuprill Hernández la violación de los Cánones 9, 12, 18 y 20 de los Cánones de Ética Profesional,

4 LPRA Ap. IX. Como resultado de lo anterior, el 22 de noviembre de 2019, el Procurador General presentó la *Querella* en contra del licenciado Cuprill Hernández, según fuera ordenado por este Tribunal.

El 5 de febrero de 2019 compareció el promovido para contestar la *Querella* presentada en su contra y, por consiguiente, solicitó la desestimación de esta. El promovido argumentó que las sanciones impuestas al promovente ocurrieron mientras el licenciado Colón Alvarado estaba encargado del caso. Además, argumentó que hubiese incumplido con su deber de lealtad, amistad y responsabilidad con el doctor Farinacci Morales si hubiese renunciado el caso en ese momento, ya que este contaba con conocimiento extenso del caso. No obstante, este Foro declaró no ha lugar a la solicitud de desestimación y ordenó que se continuara el proceso.

El 22 de noviembre de 2022, luego de evaluar el expediente y el *Informe del Procurador General*, designamos a la Hon. Ygrí Rivera Sánchez, Ex Jueza del Tribunal de Apelaciones, como Comisionada Especial del caso. El 14 de diciembre de 2022 la Hon. Ygrí Rivera Sánchez aceptó la designación como Comisionada Especial, encomendada a recibir la prueba y rendir un informe con las determinaciones de hechos y recomendaciones que estime pertinente sobre el asunto.

El 6 de diciembre de 2022, el licenciado Cuprill Hernández sometió una *Moción de desestimación de querella* en la que argumentó, entre otras cosas, que la querella en su contra debía ser desestimada por incuria del promovente, ya que este no había comparecido desde que presentó la queja. El

13 de diciembre de 2022 compareció por derecho propio el doctor Farinacci Morales mediante una *Oposición a moción de desestimación de querella* en la que reafirmó su interés en la querella, ya que el caso de donde emanó la controversia estaba corriendo en el Tribunal de Primera Instancia. No obstante, la moción de desestimación fue declarada no ha lugar.

**Durante el resto del proceso investigativo ante la Comisionada Especial, el doctor Farinacci Morales no volvió a presentarse. Es decir, el promovente no compareció, ni personalmente ni por representación legal, en ninguna de un número de vistas señaladas por la Comisionada Especial.** Por esto, el promovente no contó como testigo y no presentó su versión de los hechos para poder confirmar o negar si tuvo parte en la dilatación de la producción de documentos.

El 20 de junio de 2025, la Comisionada Especial sometió su *Informe* sobre el promovido. En este, determinó que hay evidencia clara, robusta y convincente para concluir que el licenciado Cuprill Hernández violó los Cánones 9, 12, 18 y 20 de Ética Profesional, *supra*. Sin embargo, la Comisionada Especial resaltó los atenuantes que operaban a favor del promovido. Razón por la cual, la Comisionada Especial se limitó a exponer las determinaciones de hechos que daban paso a las violaciones de los cánones, pero no incluyó una recomendación concreta de las sanciones disciplinarias apropiadas.

## II

Los abogados prestan un juramento para ejercer la profesión legal con un compromiso de lealtad a sus deberes y

a las responsabilidades impuestas por las leyes y el Código de Ética Profesional, *supra*.[5] La abogacía es una disciplina profesional revestida de un alto interés público.[6] Por esto, los abogados deben ser diligentes, respetuosos y competentes mientras buscan la administración de la justicia de sus representados. De lo contrario, nos vemos en la obligación de ejercer nuestro poder inherente para disciplinar a los miembros de la profesión legal.

A.  Canon 9 del Código de Ética Profesional

El Canon 9 de Ética Profesional, *supra*, establece que un letrado debe observar ante los tribunales una conducta que se caracterice con el mayor de los respetos. Este Tribunal ha resuelto que la desatención de las órdenes de un tribunal constituye un grave insulto a su autoridad, en clara violación al mandato expreso del aludido canon.[7]

Además, hemos expresado que incumplir con las órdenes de un tribunal denota una actitud de menosprecio e indiferencia hacia la autoridad de este último y constituye una violación al Canon 9, *supra*.[8]

B.  Canon 12 del Código de Ética Profesional

Según el Canon 12 de Ética Profesional, *supra*, todo abogado tiene el deber hacia las partes y los compañeros

---

[5] *In re: Ortiz Sánchez*, 201 DPR 765(2019).

[6] *In re: Quiñones Ayala*, 165 DPR 138, 144 (2005).

[7] *In re: Valentín Custodio*, 187 DPR 529 (2012).

[8] *In re: Carmona Rodríguez*, 206 DPR 863, 868 (2021).

abogados de hacer las diligencias necesarias para evitar dilaciones indebidas en la tramitación de los casos.[9]

Hemos establecido que la continua desobediencia a las órdenes judiciales constituye una conducta contraria al Canon 12.[10] De modo que, los abogados que entorpezcan u obstaculicen la resolución de un caso y que así arriesguen la causa de acción de su cliente debido a la falta de diligencia y puntualidad en el trámite de ello, claramente constituye una violación patente a dicho postulado.[11]

C. Canon 18 del Código de Ética Profesional

El Canon 18 de Ética Profesional, *supra*, insta a los miembros de la profesión legal a que sean diligentes en la defensa de los intereses del cliente y establece que sería impropio de un abogado asumir la representación profesional cuando está consciente de que no puede rendir una labor idónea competente sin dilaciones irrazonables. Por lo tanto, si no pueden prepararse y actuar en la forma en que la profesión lo exige, no deben asumir la representación legal.

Según hemos dispuesto, el Canon 18 les impone a los letrados el deber de asegurarse que sus actuaciones estén encaminadas a lograr que las controversias sean resueltas de una manera justa, rápida y económica.[12]

---

[9] *In re: López Santiago*, 199 DPR 797 (2018).

[10] *In re: Blain León*, 199 DPR 443 (2017).

[11] *In re: Valentín Custodio*, *supra*.

[12] *In re: Zayas Nieves*, 181 DPR 49 (2011).

D.  Canon 20 del Código de Ética Profesional

El Canon 20 de Ética Profesional, *supra*, dispone que un abogado no debe renunciar a la representación de un cliente sin la autorización del tribunal y este debe solicitarlo solamente cuando exista una razón justificada e imprevista para ello, *supra*. Además, el postulado contiene los pasos que los letrados seguirán para fines de culminar la representación legal con un cliente. Hemos expresado que el Canon 20, *supra*, le "impone obligaciones taxativas a los letrados independientemente de si han comparecido o no ante el tribunal a nombre de su cliente".[13]

Sobre el Canon 20, *supra*, también, hemos dispuesto que cuando "un cliente no coopera con su abogado en la tramitación del caso, el abogado debe renunciar a la representación legal".[14] De no renunciar, este no estaría representando adecuadamente a su cliente, lo cual constituye un error de juicio y una violación al Canon 20.[15] Además, hemos establecido que, **aunque pueden existir sentimientos de amistad con un cliente, esto no puede interferir con el deber del abogado con la justicia y el buen funcionamiento del sistema judicial.**[16]

**III**

De entrada, no ponemos en duda que el licenciado Cuprill Hernández haya quebrantado los Cánones 9, 12, 18 y 20 de Ética Profesional, *supra*, al, reiteradamente, incumplir con las

---

[13] *In re: Hon. González Rodríguez*, 201 DPR 174 (2018).

[14] *In re: Nazario Díaz*, 195 DPR 623 (2016).

[15] *In re: Torres Alvarado*, 212 DPR 477 (2023).

[16] *In re: Silverio Orta*, 117 DPR 14 (1986).

órdenes emitidas por el Tribunal de Primera Instancia sobre el descubrimiento de prueba en el caso en contra del doctor Farinacci Morales. Sin embargo, las particularidades de este procedimiento disciplinario, especialmente por la relación preexistente entre las partes, nos obliga a evaluar los detalles con detenimiento.

El promovido representó legalmente al doctor Farinacci Morales por más de 14 años y este todavía era parte de la representación legal del promovente cuando se le impusieron las sanciones por incumplimiento con las órdenes del tribunal. El licenciado Cuprill Hernández argumenta que no era el abogado de récord desde que el licenciado Colón Alvarado entró a la representación del caso en enero 2016. Sin embargo, el promovido continuó participando en el caso, luego de que el licenciado Colón Alvarado se unió a la representación legal del doctor Farinacci Morales, como quedó establecido en los hechos. No fue hasta el 2018 que el promovido solicitó la renuncia a la representación del promovente ante el tribunal.

Ahora bien, debemos detenernos en la situación que desató los problemas entre las partes; a saber, la producción de documentos financieros del promovente. La primera solicitud de reproducción de documentos se presentó en el 2014 y el promovido fue relevado de la representación en el 2018. Durante ese tiempo, el licenciado Cuprill Hernández tuvo varias oportunidades para cumplir con las solicitudes de producción de documentos ante las órdenes del tribunal. No obstante, el doctor Farinacci Morales nunca produjo los documentos mientras el promovido era parte de la

representación legal. Por esto, el licenciado Cuprill Hernández claramente violó el Canon 9 y 12 de los Cánones de Ética Profesional, *supra*.

El reiterado incumplimiento con las órdenes del tribunal llevó al foro a imponerle al promovente dos sanciones monetarias, una de $100 y otra de $250. Sin embargo, el doctor Farinacci Morales volvió a incumplir con las órdenes al no producir los documentos solicitados y, como resultado, se le anotó la rebeldía y se le eliminaron las alegaciones. Aunque el promovente argumenta que le entregó la documentación al licenciado Colón Alvarado, no al licenciado Cuprill Hernández, el día antes de que se le anotara la rebeldía, estos documentos no fueron presentados ante el tribunal. Por permitir lo anterior, el licenciado Cuprill Hernández violó el Canon 18 de los Cánones de Ética Profesional, *supra*.

**El licenciado Cuprill Hernández alegó que el incumplimiento se debió a que el cliente se negaba a producir la documentación.** Aunque el cliente dificultó los trámites judiciales, el promovido continuó la representación del promovente, ya que tenían una relación cliente-abogado de más de 14 años y una amistad personal. Sin embargo, **no importa el nivel de confianza que puede haber entre un abogado y su cliente, el abogado nunca debe permitir la desatención a una orden de un tribunal por petición de un cliente.** Los letrados deben obrar en búsqueda de la justicia de sus representados de forma rápida, diligente y competente. Ninguna relación de amistad debe interferir con los deberes de un letrado al funcionamiento del sistema judicial. Es evidente que, en este

caso, la relación de amistad entre las partes influyó en las diligencias de los trámites judiciales, ya que el letrado permitió que el doctor Farinacci Morales dilatara la producción de documentos sin que este solicitara la renuncia oportuna a la representación legal. Por esto, es claro que el licenciado Cuprill Hernández violó el Canon 20 de los Cánones de Ética Profesional, *supra*.

Es importante notar que el doctor Farinacci Morales estuvo representado por el licenciado Cuprill Hernández y el licenciado Colón Alvarado ambas veces que fue sancionado monetariamente y cuando se le anotó la rebeldía, pero este solo presentó la queja ética contra el licenciado Cuprill Hernández. El licenciado Colón Alvarado continuó la representación del promovente en conjunto del Bufete Vicente & Cuevas, luego de la renuncia del promovido. Estos continuaron la representación hasta el 2024, cuando el Tribunal de Primera Instancia dictó una *Sentencia Parcial* en la que, nuevamente, se resaltó el incumplimiento del doctor Farinacci Morles con las órdenes de los tribunales con respecto al descubrimiento de prueba; esta fue apelada ante el Tribunal de Apelaciones.[17] Es decir, **el doctor Farinacci Morales continuó objetando e incumpliendo con las órdenes del tribunal sobre la producción de documentos, luego de la renuncia del licenciado Cuprill Hernández.** Por esto, aunque hay evidencia en cuanto al argumento de que el incumplimiento

---

[17] *Ada Lugo Paz, et als. v. Island X-Ray, Inc.*, Caso Núm. D PE1993-0015 (703), consolidado con Caso Núm. D PE2002-0470, y Caso Núm. D PE2002-0471; KLAN202400180.

pudo haber sido a petición del cliente, esto todavía no es razón para permitir la desatención a las órdenes de los tribunales.

Por otro lado, el licenciado Cuprill Hernández se comunicó activamente con el doctor Farinacci Morales sobre las situaciones personales que le impedían continuar su representación legal con el mismo rigor que antes. Desde el 2013, el promovido le dejó saber al promovente que el tratamiento de cáncer de su esposa en Florida iba a limitar su tiempo en Puerto Rico. No obstante, el promovido nunca se ausentó de los procedimientos judiciales del promovente en Puerto Rico. Luego, cuando el promovido se encontró indispuesto para continuar el caso, este hizo las gestiones para conseguirle representación legal alternativa al promovente. Aunque el promovido se mantuvo como parte de la representación legal y no solicitó la renuncia oportuna, es evidente que el licenciado Colón Alvarado tomó el control del caso desde el 2016. Por esto, reconocemos que el licenciado Cuprill Hernández realizó un esfuerzo para evitar el incumplimiento con las órdenes del tribunal, aunque infructuoso.

Cabe resaltar que esta es la primera queja presentada en contra del licenciado Cuprill Hernández en más de 50 años de carrera en la abogacía. El licenciado Cuprill Hernández no solo está admitido a practicar la abogacía en Puerto Rico, sino que este cuenta con licencias para practicar en el estado de Florida y en varias cortes federales. El licenciado Cuprill

Hernández no ha recibido queja alguna por su desempeño en las jurisdicciones mencionadas anteriormente.

Además, resaltamos que, durante el trámite disciplinario, el doctor Farinacci Morales no compareció para dar su versión de los hechos y, por ello, tuvo que ser descartado como testigo.

## IV

Por los fundamentos expuestos en la Opinión *Per Curiam* que antecede y en consideración a las circunstancias atenuantes esbozadas que obran en favor del licenciado Cuprill Hernández, este Tribunal le **censura enérgicamente** por sus actuaciones y le **apercibimos** que, de incurrir nuevamente en conducta contraria a los postulados que rigen la profesión legal, se expone a sanciones disciplinarias más severas. Además, le advertimos al abogado que no debe permitir que un cliente interfiera con los procedimientos judiciales para desatender órdenes de los tribunales y los letrados deben manejar sus casos en cumplimiento con las exigencias de los Cánones de Ética Profesional que rigen a la profesión legal.

Notifíquese personalmente esta Opinión *Per Curiam* y Sentencia.

Se dictará sentencia en conformidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

In re:

Héctor R. Cuprill Hernández    CP-2019-0009    Conducta
    (TS-4,191)                               Profesional

SENTENCIA

En San Juan, Puerto Rico, a 2 de febrero de 2026.

Por los fundamentos expuestos en la Opinión *Per Curiam* que antecede, la cual se hace formar parte íntegra de la presente Sentencia, censuramos enérgicamente al Lcdo. Héctor R. Cuprill Hernández por sus actuaciones y le apercibimos que, de incurrir nuevamente en conducta contraria a los postulados que rigen la profesión legal, se expone a sanciones disciplinarias más severas. Además, le advertimos al abogado que no debe permitir que un cliente interfiera con los procedimientos judiciales para desatender órdenes de los tribunales y los letrados deben manejar sus casos en cumplimiento con las exigencias de los Cánones de Ética Profesional que rigen a la profesión legal.

Notifíquese personalmente esta Opinión *Per Curiam* y Sentencia.

Así lo pronunció, manda el Tribunal y certifica la Secretaria del Tribunal Supremo Interina. Los Jueces Asociados señores Feliberti Cintrón y Colón Pérez no intervinieron.

Bettina Zeno González
Secretaria del Tribunal Supremo Interina